**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JENNIFER CASTILLO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, et al., <br><br> Defendants. | Case No. 15-cv-01743-BLF <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT** <br><br> [Re: ECF 45] |

Plaintiffs Jennifer and Jason Castillo (the "Castillos") seek leave to amend their complaint against Defendants Nationstar Mortgage LLC; Wells Fargo Bank, National Association; and Does 1-100 to (1) allege "additional unlawful conduct that has occurred since the complaint was filed," (2) "respond [to] Nationstar's newly alleged defense," (3) "add[] a new cause of action, alleging breach of a transfer agreement," and (4) "respond[] to Nationstar's possible repudiation of the entire modification by reasserting certain damages Plaintiffs had previously withdrawn." Mot. 2, ECF 45. Defendants oppose Plaintiffs' motion. ECF 48. The Court heard oral argument on Plaintiffs' motion on August 11, 2016. For the reasons stated on the record and below, the Court GRANTS Plaintiffs' motion to amend.

As a threshold matter, the Parties disagree over the appropriate legal standard governing this motion. The Castillos argue that their request for leave to file a second amended complaint should be governed by Fed. R. Civ. P. 15. Mot. 6–7, ECF 45. Defendants argue that Fed. R. Civ. P. 16 provides the applicable legal standard. Opp. 1, ECF 48. Rule 15 is the proper legal standard by which to assess Plaintiffs' motion here because the scheduling order did not set a deadline for amendment. *Soto v. Castlerock Farming & Transp., Inc.*, No. 1:09-cv-00701 AWI JLT, 2011 WL 3489876, at *2 (E.D. Cal. Aug. 9, 2011) ("When the scheduling order does not set a deadline for

1   amendment, Rule 16's good cause standard does not apply." (citations omitted)); *see* ECF 30.

2         Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a
3   matter of course within 21 days of serving it.  Fed. R. Civ. P. 15(a)(1).  Further amendment of the
4   pleadings is allowed with the opposing party's consent or leave of the court.  *Id.* 15(a)(2).  Rule 15
5   provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R.
6   Civ. P. 15(a)(2).

7         "Courts may decline to grant leave to amend only if there is strong evidence of 'undue
8   delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies
9   by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance
10  of the amendment, [or] futility of amendment, etc.'"  *Sonoma Cty. Ass'n of Retired Emps. v.*
11  *Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182
12  (1962)); *see also Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990) ("Five factors
13  are frequently used to assess the propriety of a motion for leave to amend [under Rule 15(a)(2)]:
14  (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and
15  (5) whether plaintiff has previously amended his complaint." (citations omitted)).  Of these so-
16  called *Foman* factors, prejudice is the weightiest and most important.  *Eminence Capital, LLC v.*
17  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Absent prejudice or a strong showing of bad
18  faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor
19  of granting leave to amend.  *Id.*

20        Here, the Court finds that the *Foman* factors weigh in favor of granting Plaintiffs' motion
21  to amend.  First, the Court finds that there is no evidence suggesting Plaintiffs acted in bad faith;
22  therefore this factor does not weigh against amendment.  Second, although Defendants suggest the
23  presence of undue delay (Mot. 2, ECF 48), undue delay standing alone is insufficient to prevent
24  the Court from granting leave to amend pleadings.  *Howey v. United States*, 481 F. 2d 1187, 1191
25  (9th Cir. 1973).  Third, Defendants do not raise the issue of prejudice and have thus not satisfied
26  their burden of demonstrating that they would be prejudiced by the Court granting the motion.  *See*
27  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing
28  amendment bears the burden of showing prejudice." (citation omitted)).  Fourth, although the

United States District Court
Northern District of California

proposed amendments are, for the most part, unnecessary, they do not rise to the level of futility. *Cf. Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) (finding amendments futile because they were "duplicative of existing claims or patently frivolous, or both"). Finally, although Plaintiffs have previously amended their complaint, they have done so only once and as a matter of right. *Cf. Soto*, 2011 WL 3489876, at *3 (finding that the filing of five pleadings weighed against granting leave to amend). Accordingly, the Court GRANTS Plaintiffs' motion to amend.

As discussed at the hearing, Plaintiffs shall file their amended pleading by no later than August 12, 2016. A revised scheduling order is forthcoming.

**IT IS SO ORDERED.**

Dated: August 11, 2016

_____
BETH LABSON FREEMAN
United States District Judge