William E. Kennedy State Bar No. 158214
CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
Telephone: (408) 241-1000
Facsimile: (408) 241-1500
Email: wkennedy@kennedyconsumerlaw.com

Elizabeth S. Letcher State Bar No. 172986
LAW OFFICES OF ELIZABETH S. LETCHER
60 29th Street, No. 221
San Francisco, CA 94110
Telephone: (415) 643-4755
Facsimile: (415) 738-5400
Email: elizabeth@elizabethletcher.com

Attorneys for Plaintiffs
JENNIFER AND JASON CASTILLO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER CASTILLO and JASON CASTILLO,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR BANC OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A and DOES 1 through 100 inclusive<br><br>Defendants. | **DECLARATION OF ELIZABETH LETCHER IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION**<br><br>Case No. 5:15-cv-01743-BLF<br><br>Date: November 10, 2016<br>Time: 9:00 a.m.<br>Courtroom: 3<br><br>Action Filed: March 19, 2015<br>Trial Date: February 13, 2017 |

DECL. OF ELIZABETH LETCHER ISO PLS' MOTION FOR SUMMARY ADJUDICATION

I, Elizabeth S. Letcher, declare:

1. I am counsel for Plaintiffs in this action. I submit this declaration in support of Plaintiffs' Motion for Summary Adjudication. I have personal knowledge of the matters set forth herein, and if called to testify, would and could competently testify to them.

2. Attached as Exhibit 1 hereto is a true and correct copy of the 2013 Loan Modification that is the subject of this action. It modifies the terms of the Castillos' 2005 loan agreement. True and correct copies of the 2005 Note and Deed of Trust are attached hereto as Exh. 2.

3. Attached hereto as Exh. 3 is a compilation of true and correct copies of emails (and attachments) between counsel for Wells Fargo and Bank of America and counsel for the Castillos in *Castillo I*. The compilation has been highlighted and numbered for ease of reference; page numbers in the motion refer to the page of the exhibit, rather than the Bates stamp numbers. Every email except those on pages 4-5 and 8 was produced to Defendants on November 19, 2015; the others, omitted in error, were disclosed by August 18, 2016. Page 72 has been redacted to omit the cash portion of a proposed settlement. Page 110 of Exh. 3 is part of the modification offer, a "Clarity Commitment" describing the terms of the loan in layman's terms.

4. A true and correct copy of relevant pages of Nationstar's Transaction History for the Castillos' loan, numbered for convenience on the bottom left had side, is attached hereto as Exh. 4. It shows the amounts Nationstar paid for property taxes and insurance on the Castillos' behalf on

- page 36, line 519:   November 19, 2013   $4,178.65
- page 27, line 667:   March 7, 2013,   $4,178.65
- page 27, line 678:   April 29, 2014   $839.00
- page 26, line 696:   November 7, 2014   $4,612.80
- page 20, line 810:   March 16, 2015   $4,612.80
- page 19, line 817:   April 17, 2015   $839
- page 13, line 933:   November 9, 2015   $4,813.80

DECL. OF ELIZABETH LETCHER ISO PLS' MOTION FOR SUMMARY ADJUDICATION

|   |   |   |   |
|---|---|---|---|
| 1 | • page 3, line1117: | March 21, 2016 | $4,813.80 |
| 2 | • page 2, line 1120: | April 14, 2016 | $1,007.00. |

5.     Plaintiffs served their first set of written discovery in July, 2015.  Attached hereto as Exhibit 5 is a true and correct copy of excerpts from Nationstar's first set of responses to interrogatories, dated September 4, 2015. In response to Interrogatory No. 2, which sought a breakdown of the amount due for principal, interest, escrow and other fees each month, Nationstar stated that the amount due was itemized in mortgage statements, but stated in response to No. 7 that those statements were incorrect.  It stated in response to No. 6 that up to $3,365.48 was due per month for an escrow "shortage."

6.     Attached hereto is Exh. 6 is a true and correct copy of my September 24, 2015 letter to Defendants, explaining the calculations for the Castillos' payment of $14,145.42 to become current.

7.     Attached hereto as Exh. 7 is a true and correct Nationstar's January 16, 2016 Amended Response to Interrogatory No. 2, dated, January 16, 2016, which stated that $3,172.12 was currently due each month, and the Castillos were in arrears by $18,822.37.

8.     Attached hereto as Exh. 8 is a true and correct copy of Nationstar's August 12, 2016 Further Amended Response to Interrogatory 2 in response to Magistrate Judge Cousins' Order, Dkt. No. 58 at 2, which states that $3,172.12 was currently due each month, and the Plaintiffs needed to pay $11,494.22 to become current.

9.     Attached as Exh. 9 is a true and correct copy of Nationstar's September 1, 2016 Amended Response to Interrogatory No. 2.   The response adds that "With regard to prior amounts due, the Castillos owed no more than $3,046.80 per month from October, 2013 to August, 2015, and no more than $3,172.12 per month thereafter.  An adjustment will occur at the time of the October 1, 2016 payment."

10.     A true and correct compilation of the Castillos' mortgage statements is attached as Exhibit 10. Page numbers of the exhibit have been added at the bottom left.  The exhibit consists of Plaintiff's Deposition Exhibit 96 (pages 1-88), plus recent statements.  The Castillos' statement for August, 2106 indicated they were to pay $3,220.96.

DECL. OF ELIZABETH LETCHER ISO PLS' MOTION FOR SUMMARY ADJUDICATION

2

11. After the deposition of Mr. Loll, Nationstar's counsel communicated by email on August 31, 2016 that the Castillos owed no payment for September, 2016, and $3,220.96 per month starting in October, 2016, due to a rate change. That amount was corrected to $3,438.56 on September 2, 2016. True and correct copies of Ms. Gruber's emails are attached hereto as Exh. 11.

12. In March 2016 discovery responses, true and correct excerpts of which are attached hereto as Exh. 12, Nationstar claimed that whether it was required to honor the 2013 Loan Modification depends on whether the Castillos' "representations" relating to financial hardship in the agreement were true at the time of signing.

13. Defendants conducted no discovery of the Castillos' financial status between Mr. Castillo's February 4, 2016 deposition and August 26, 2016, when it issued subpoenas for the Castillos' bank accounts. Defendants have never requested that the Castillos produce documents relating to their finances.

14. Neither Defendant has sought rescission of the 2013 Loan Modification.

15. Attached as Exh. 13 is a true and correct copy of excerpts of the deposition of Keith Kovalic, as a corporate representative of Nationstar. [1, 33-36, 56-59, 6-61 (re payments), 66-69].

16. Attached as Exh. 14 is Exhibit 55 to the deposition of Nationstar through Mr. Kovalic, Nationstar's description of abbreviations used in Nationstar's servicing records, which incorporate Bank of America records. As Mr. Kovalic testified at pages 66-69 of his deposition, each abbreviation is used consistently to mean the same thing throughout in the records unless otherwise noted. The Nationstar bates stamp numbers in the first column of the chart refer to the first collection history disclosed by Nationstar in 2015. The updated history is attached hereto as Exh. 23 (see below), and the first 41 pages of the Exh. 23 are identical (in respects relevant to the key to abbreviations) to page NSR1-41 referred to in this Exhibit.

17. Attached hereto as Exh. 15 is a true and correct copy of the Declaration of George Keller, explaining that the defendants in *Castillo I* intended the 2013 Loan Modification as a substitute for the 2010 Loan Modification that BANA failed honor or implement.

DECL. OF ELIZABETH LETCHER ISO PLS' MOTION FOR SUMMARY ADJUDICATION

18. Attached hereto as Exh. 16 a compilation of email communications between Mr. Keller, representatives of Bank of America, and representatives of Nationstar, including Nationstar's Associate General Counsel Adrienne Kvello, disclosed in discovery by Defendants. The compilation has been highlighted and numbered for ease of reference; page numbers in the motion refer to the page of the exhibit, rather than the Bates stamp numbers.

19. Exh. 17 is a true and correct copy of a compilation of Bank of America records contained in Nationstar's records. The compilation has been numbered at the bottom left and highlighted for ease of reference.

20. Exh. 18 is a reference summary of the communications set out in email chains from Exhibits 3 (white), 16 (blue), and 17 (grey). The reference summary is in chronological order, as opposed to the reverse chronological order of some long email chains.

21. Attached as Exh. 19 is a true and correct excerpt of Bank of America AS400 records, transferred to Nationstar as the loan was boarded.

22. Attached as Exh. 20 is a true and correct copy of the Notice of Default recorded against the Castillos' property mailed to Jason Castillo on February 24, 2015.

23. Attached as Exh. 21 is a true and correct copy (without attachments) of Nationstar's February 20, 2015 letter to Mr. Kennedy, admitting error.

24. Attached hereto as Exh. 22 is a true and correct copy of excerpts of the October 29, 2015 deposition of Kelsey Grimm.

25. Attached hereto as Exh. 23 is a true and correct copy of Nationstar's Collection History for the loan.

26. Attached hereto as Exh. 24 are true and correct excerpts of the deposition testimony of Jennifer Castillo.

27. Defendant Wells Fargo made arguments and representations to the to in the Santa Clara Superior Court during the litigation of *Castillo v. Bank of America, et al.*, Case No. 122CV233256. Attached hereto as Exh. 25 is a true and correct copy of excerpts of Defendants' Opposition to the Motion to AmendAt deposition, Wells Fargo offered almost incomprehensible testimony which appears to assert that Wells Fargo was not the true litigant in

DECL. OF ELIZABETH LETCHER ISO PLS' MOTION FOR SUMMARY ADJUDICATION

1  *Castillo I*, and so should not be held to statements made by its counsel in the course of
2  representation.
3      28.     Attached as Exh. 26 is a true and correct copy of excerpts of the deposition of AJ
4  Loll as corporate representative of defendant Wells Fargo, N.A.
5      29.     Attached as Exh. 27 is a true and correct copy of a webpage the U.S. Treasury
6  Department's Making Home Affordable administrative website for servicers, hmpadmin.com.
7  See https://www.hmpadmin.com/portal/resources/overview.jsp. The exhibit is a portion of the
8  website's overview description of the Home Affordable Modification Program, or HAMP,
9  available online at https://www.hmpadmin.com/portal/programs/hamp.jsp.  The overview
10 explains that the program provides "clear and consistent loan modification guidelines that the
11 entire mortgage industry can use."
12     30.     Attached as Exh. 28 is a true and correct excerpt of the Department of Treasury's
13 website page describing Troubled Asset Relief Fund's programs, including Making Home
14 Affordable and HAMP, available online at  https://www.treasury.gov/initiatives/financial-
15 stability/TARP-Programs/housing/mha/Pages/hamp.aspx.  The page explains that "Before
16 HAMP, there was no standard approach among loan servicers or investors about how to help
17 homeowners who wanted to keep making payments, but needed mortgage assistance. [¶] By
18 setting standards for what constitutes a sustainable modification across the mortgage industry,
19 HAMP has helped to make private loan modifications more affordable for homeowners."
20     31.     Attached hereto as Exh. 29 is a true and correct excerpt from the first iteration of
21 the HAMP program guidelines, issued by the Department of Treasury in March, 2009, available
22 online at https://www.treasury.gov/press-center/press-
23 releases/Documents/modification_program_guidelines.pdf.   The guidelines explain how
24 eligibility standards interact with typical agreements that govern servicing securitized loans like
25 the one at issue here: "("The program guidelines reflect usual and customary industry standards
26 for mortgage loan modifications contained in typical servicing agreements, including pooling
27 and servicing agreements (PSAs) governing private label securitizations."
28

DECL. OF ELIZABETH LETCHER ISO PLS' MOTION FOR SUMMARY ADJUDICATION

32. Attached hereto as Exh. 30 are true and correct excerpts from the HAMP "Handbook," version 4.3, in effect at the time the Castillos entered the 2013 Loan Modification. The Handbook contains HAMP program guidelines, and is available online at https://www.hmpadmin.com/portal/programs/guidance.jsp.

33. Attached hereto as Exh. 31 is a form HAMP agreement, available online at https://www.hmpadmin.com/portal/programs/docs/hamp_borrower/modificationagreement.doc. The form HAMP agreement contains standardized sections that the servicer may omit if not applicable. *See* Exh. 30 hereto as 133.

34. Attached as Exh. 32 is a true and correct copy of Mr. Kennedy's May 11, 2016 letter to Defendants' counsel, requesting that they update discovery responses under Rule 26(e). The Defendants declined to do so.

35. Attached as Exh. 33 is a true and correct copy of screenshot of Nationstar's website, as it appeared when I downloaded it on July 28, 2016. The site was available online at https://www.nationstarmtg.com/PaymentAssistance/.

36. Attached as Exh. 34 are true and correct excerpts from Nationstar's Responses to Plaintiff's Fourth Set of Discovery Requests.

37. Attached as Exh. 35 a true and correct copy of a September 10, 2013 email by the Castillos' representative, attorney Lisa Sitkin, informing Nationstar that the Castillos' loan had been transferred during the process of litigation settlement and modification.

38. Attached as Exh. 36 is a true and correct copy of Nationstar's October 4, 2013 response to Ms. Letcher.

39. Neither the Castillos nor their counsel have received written notice, as to any request for information or notice of error sent during 2014, 2015, or 2016, that Nationstar determined their disputes or requests to be duplicative, such that Nationstar was not required to respond. Nationstar has not sought written discovery from the Castillos about their finances.

40. Attached hereto as Exh. 38 is a redacted version of the Settlement Agreement arrived at in *Castillo I*, *supra*. It has been redacted to remove the amount of monetary compensation paid under the settlement.

DECL. OF ELIZABETH LETCHER ISO PLS' MOTION FOR SUMMARY ADJUDICATION

41. Attached as Exh. 39 are true and correct excerpts of the August 18, 2016 Deposition of AJ Loll, testifying as the corporate representative of defendant Nationstar. Although the August 18, 2016 deposition is marked "Volume II," it is the first volume of Mr. Loll's testimony for Nationstar, and is referred to as v. I in the brief.

42. Attached as Exh. 40 are true and correct excerpts of the August 23, 2016 Deposition of AJ Loll, testify for Nationstar. This volume, marked Volume III, is referred to as the v. II of Loll/NS in the brief.

43. Attached hereto as Exh. 41 are true and correct copies of default letters stating the amount due.

44. Attached hereto as Exh. 42 are true and correct copies of additional default letters.

45. Nationstar provided fundamentally incorrect, and often cursory responses to the Castillos' Notices of Error dated May 21, 2014; July 18, 2014; July 30, 2014; and December 15, 2014, taking 1-2 months to respond to some and failing to respond at all to others.

46. Topic No. 23 of the Amended Notice of Deposition of Nationstar, was "your collection activity on the LOAN, including the date of each collection call placed to either or both PLAINTIFFS."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 11, 2016

_/s/_____
Elizabeth S. Letcher

DECL. OF ELIZABETH LETCHER ISO PLS' MOTION FOR SUMMARY ADJUDICATION

7