(Page 1 of 12)



Copy

# Loan Modification Imaging Coversheet

## Initial Receipt

### Doc Status

| | Check One |
|---|---|
| Original | X |
| Copy - Non Original Document | |
| E-Signed Printed | |

| Document Exceptions | Check One |
|---|---|
| Missing Signature | |
| Non Original Signature | |
| Missing Notary | |
| Non Original Notary | |
| Missing Pages | |
| No Exception | X |

**Additional Notes:**
**Prior servicer mod**

NSR 0276

(Page 2 of 12)

\\ Copy

RECORDING REQUESTED BY:
Bank of America, N.A.
Attn: Home Retention Division: CA6-919-02-46
400 NATIONAL WAY
Simi Valley, CA 93065

Loan Number: 21292085872290089795037

This document was prepared by _____ Bank of America, N.A.

_____SPACE ABOVE THIS LINE FOR RECORDER'S USE_____

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), effective on the date set forth below, between JASON S CASTILLO AND JENNIFER CASTILLO, (the "Borrower(s)") and Bank of America, N.A. ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 7th of December, 2005 and in the amount of $594,965.00 and (2) the Note bearing the same date as, and secured by, the Security Instrument which covers the real and personal property described in the Security Instrument and defined therein as in the "Property", located at 920 Via Vivaldi, Morgan Hill, CA, 95037. (See Exhibit A for Legal Description if applicable) "Property"

See Exhibit B for assignments of record if applicable

If my representations in Section 1 below continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3 below, amend and supplement (1) the Mortgage or Deed of Trust ("Mortgage") on the Property and (2) the Note secured by the Mortgage, and any previous modifications to the Mortgage and/or Note. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined here have the meaning given to them in the Loan Documents.

**MULTISTATE MODIFICATION AGREEMENT** – Single Family –
(C3_2085 rev. 5/2013 Bank of America, N.A.)           (page 1 of 11 pages)

WF-281722                                                     6116 08-09

NSR
0277

Copy

I have received three copies of this Agreement. After I sign and return two copies of this Agreement to Lender, I will retain the other copy for my records. This Agreement will not take effect unless the preconditions set forth in Section 2 below have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    I am experiencing a financial hardship, and as a result, (1) I am in default under the Loan Documents or my default is imminent, and (2) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

    A. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A Permissible change would be any transfer that the lender is required by law to allow.

    B. I have provided documentation for all income that I receive and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for this Loan Modification ("Modification").

    C. Under penalty of perjury, all documents and information that I (or any third party on my behalf) have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct.

**MULTISTATE MODIFICATION AGREEMENT – Single Family –**
(C3_2085 rev. 5/2013 Bank of America, N.A.)   (page 2 of 11 pages)



WF-261722    8116 08-09

NSR 0278

(Page 4 of 12)

Copy

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 below, Lender determines that any of my representations in Section 1 above are no longer true and correct, or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (1) I return signed and notarized copies of this Agreement to Lender, (2) the Lender accepts this Modification by signing it, and (3) the Modification Effective Date (as defined in Section 3 below) has occurred. I further understand and agree that Lender will not be obligated to modify the Loan Documents if I fail to meet any of the requirements under this Agreement.

3. **The Modification.** If all of my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 above have been met, the Loan Documents will automatically become modified on October 1, 2013 (the "Modification Effective Date"). The Maturity Date will be: January 1, 2036.

   A. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, collectively, ("Unpaid Amounts") less any amounts paid to Lender but not previously credited to my Loan. The new principal balance of my Note will be $504,309.79 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means that interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   B. Interest at the rate of 2.000% will begin to accrue on the New Principal Balance as of September 1, 2013 and the first new monthly payment on the New Principal Balance will be due on October 1, 2013. My payment schedule for the modified Loan is as follows:

**MULTISTATE MODIFICATION AGREEMENT** – Single Family –
(C3_2085 rev. 5/2013 Bank of America, N.A.)         (page 3 of 11 pages)


WF-261722                                                          8118 08-09

NSR
0279

(Page 5 of 12)

Copy

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-3 | 2.000% | 09/01/2013 | $2,334.74 | $712.06 May adjust periodically | $3,046.80 May adjust periodically | 10/01/2013 | 36 |
| 4 | 3.000% | 09/01/2016 | $2,552.44 | May adjust periodically | May adjust periodically | 10/01/2016 | 12 |
| 5-23 | 3.125% | 09/01/2017 | $2,579.17 | May adjust periodically | May adjust periodically | 10/01/2017 | 220 |

*If escrow payments are collected by Lender, Lender may adjust such payments periodically in accordance with applicable law. Therefore, my total monthly payment may change accordingly.

The terms in this Section 3.B. supersede any provisions to the contrary in the Loan Documents, and previous loan modifications including (but not limited to) provisions for an adjustable or interest-only rate.

C. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

4. **Additional Agreements.** Lender and I agree to the following:

A. All persons, or their authorized representative(s), who signed the Loan Documents have signed this Agreement, unless (1) a borrower or co-borrower is deceased; (2) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, meaning that the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (3) Lender has waived this requirement in writing.

B. This Agreement supersedes the terms of any modification, forbearance, or loan workout plan that I previously entered into with Lender.

**MULTISTATE MODIFICATION AGREEMENT – Single Family –**
(C3_2085 rev. 5/2013 Bank of America, N.A.)     (page 4 of 11 pages)

WF-281722                                                     6116 08-09

NSR 0280

(Page 6 of 12)

Copy

C. I will comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may periodically change over the term of my Loan.

D. The Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

E. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. Except as otherwise specifically provided in, and as expressly modified by, this Agreement, Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

MULTISTATE MODIFICATION AGREEMENT – Single Family –
(C3 2085 rev 5/2013 Bank of America N.A.)   (page 5 of 11 pages)



NSR 0281

F. I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.F. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.F.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

G. On and after the Modification Effective Date, and notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any

MULTISTATE MODIFICATION AGREEMENT – Single Family –
(C3_2085 rev. 5/2013 Bank of America, N.A.)   (page 6 of 11 pages)

WF-281722                                                                                     8116 08-09

NSR 0282

Copy

interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules, or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand.

H. On and after the Modification Effective Date, Lender will allow the transfer and assumption of the Loan, including this Agreement, only to a transferee of my property as permitted under the Garn-St Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. On and after the Modification Effective Date, any provision in the Note (or in any addendum or amendment to the Note) that allowed for the assessment of a penalty for full or partial prepayment of the Note, is null and void.

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by Lender's procedures to ensure that the modified mortgage loan is in first-lien position and/or is fully enforceable upon modification. Under any circumstance and not withstanding anything else to the contrary in this Agreement, if Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I will allow Lender to attach an Exhibit to this Loan Modification that will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K. I will execute such other documents as may be reasonably necessary either to (1) consummate the terms and conditions of this Agreement; or (2) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. A corrected Agreement will be provided to me and this

MULTISTATE MODIFICATION AGREEMENT – Single Family –
(C3_2085 rev. 5/2013 Bank of America, N.A.)     (page 7 of 11 pages)

WF-281722                                                           6116 08-09

NSR
0283

Copy

Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign such corrected Agreement, the terms of the original Loan Documents, or the most recent modified terms currently in effect, shall continue in full force, and the terms of the original Loan Documents, or the most recent modified terms currently in effect, will not be modified by this Agreement.

L.  OPTIONAL PRODUCTS PURCHASED AFTER CLOSING. Any optional product(s) I may have purchased after the closing of my Loan, the cost for which I agreed to have added to my Total Monthly Payment, will (1) remain in force as long as I add the amount due and owing to my Total Monthly Payment each month and (2) continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless I (a) notify the provider of the optional product of my request to cancel; or (b) fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the Governing Documents. If I have questions about any optional product(s) I may have purchased, I should call Bank of America at 1.800.641.5298.

M.  If any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with Lender's request to execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary. If the original promissory note is replaced, Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents that Lender requests of me under this shall be referred to as the "Documents." I will deliver the Documents within ten (10) days after I receive Lender's written request for such replacement.

If the principal balance of my loan increased as a result of this modification, the mortgage insurance premiums, if any, on my loan may increase. If my mortgage insurance premium increases, my monthly mortgage payment will be higher. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the higher unpaid principal balance.

MULTISTATE MODIFICATION AGREEMENT – Single Family –
(C3_2085 rev. 5/2013 Bank of America, N.A.)          (page 8 of 11 pages)

WF-281722                                                                 6116 08-09

NSR 0284

Copy

In Witness Whereof, the Lender and I have executed this Agreement.
(Signatures must be signed exactly as printed, original signature required, no photocopies accepted)

_____
Jason S Castillo
(Must Be Signed Exactly As Printed)

10/30/13
Date

_____
Jennifer Castillo
(Must Be Signed Exactly As Printed)

10/30/13
Date

_____[Space below this line for Acknowledgement]_____

STATE OF ___CA___
COUNTY OF ___SANTA CLARA___

On the 30 day of Oct in the year 13 before me, SAM SAHI,
Notary Public, personally appeared <u>Jason S Castillo and Jennifer Castillo</u>, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_____ Notary Signature

___SAM SAHI___ Notary Public Printed Name Please Seal Here

___Jan 25, 2015___ Notary Public Commission Expiration Date

SAM SAHI
Commission # 1919265
Notary Public - California
Santa Clara County
My Comm. Expires Jan 25, 2015

**MULTISTATE MODIFICATION AGREEMENT** – Single Family –
(C3_2085 rev. 5/2013 Bank of America, N.A.)   (page 9 of 11 pages)

WF-281722   8116 08-09

NSR
0285

Copy

**DO NOT WRITE BELOW THIS LINE.**
****************************************************************************************
THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP
By: Urban Settlement Services, LLC, its attorney in fact

By: _M. B._ Dated: 12/18/13

Name: Michelle Bowles
Title: Assistant Secretary

_____[Space below this line for Acknowledgement]_____

STATE OF __Texas__
COUNTY OF __Dallas__

On __18th__ day of __December__ in the year __2013__ before me, __James Scoggin__ Notary Public, personally appeared __Michelle Bowles__ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_[signature]_ Notary Signature

James Scoggin
_____Notary Public Printed Name Please Seal Here

9/1/15
_____Notary Public Commission Expiration Date

> JAMES SCOGGIN
> Notary Public, State of Texas
> My Commission Expires
> September 01, 2015

**MULTISTATE MODIFICATION AGREEMENT – Single Family –**
(C3_2085 rev. 5/2013 Bank of America, N.A.)  (page 10 of 11 pages)

WF-281722                                                            8116 08-09

NSR
0286

(Page 12 of 12)

Copy

# CALIFORNIA NOTARY ACKNOWLEDGMENT
(For use by California Notary, if applicable.)

STATE OF CALIFORNIA
COUNTY OF __SANTA CLARA__

On __Oct 30, 2013__ before Me, __SAM SAHI__ Notary Public, personally appeared
__JASON S. CASTILLO + JENNIFER CASTILLO__ who proved to me on the basis of satisfactory evidence to be the person (s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws if the State of California that the forgoing paragraph is true and correct.

WITNESS my hand and official seal.

_____Signature          NOTARY SEAL

SAM SAHI
Commission # 1919265
Notary Public - California
Santa Clara County
My Comm. Expires Jan 25, 2015

THIS CERTIFICATE MUST BE ATTACHED TO THE
DOCUMENT DESCRIBED AT RIGHT

DOCUMENT: Loan Modification Agreement
Number of Pages:
Data of Document:
Signer(s) Other Than Named

Above: _____

8192 09/09

**MULTISTATE MODIFICATION AGREEMENT – Single Family –**
**(C3_2085 rev. 5/2013 Bank of America, N.A.)**          (page 11 of 11 pages)

WF-281722                                                          8116 08-09

NSR
0287