1   MARY KATE SULLIVAN (State Bar No. 180203)
    mks@severson.com
2   THOMAS N. ABBOTT (State Bar No. 245568)
    tna@severson.com
3   SEVERSON & WERSON
    A Professional Corporation
4   One Embarcadero Center, Suite 2600
    San Francisco, California 94111
5   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
6
    Attorneys for Defendants
7   NATIONSTAR MORTGAGE LLC and
    WELLS FARGO BANK, N.A. AS TRUSTEE
8   FOR BANK OF AMERICA MORTGAGE
    SECURITIES, INC. MORTGAGE PASS-
9   THROUGH CERTIFICATES, SERIES 2006-A

10

11                  UNITED STATES DISTRICT COURT

12        NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION

13

14  JENNIFER CASTILLO and JASON          Case No. 5:15-cv-01743-BLF
    CASTILLO,
15                                        NATIONSTAR MORTGAGE LLC'S
            Plaintiffs,                   RESPONSES TO PLAINTIFF
16                                        JENNIFER CASTILLO'S FIRST SET
            vs.                           OF INTERROGATORIES
17
    NATIONSTAR MORTGAGE LLC,              Action Filed:    March 19, 2015
18  WELLS FARGO BANK, NATIONAL            Trial Date:      None Set
    ASSOCIATION, AS TRUSTEE FOR BANK
19  OF AMERICA MORTGAGE SECURITIES,
    INC. MORTGAGE PASS-THROUGH
20  CERTIFICATES, SERIES 2006-A and
    DOES 1 through 100 inclusive,
21
            Defendants.
22

23  PROPOUNDING PARTY:   Plaintiff JENNIFER CASTILLO

24  RESPONDING PARTY:    Defendant NATIONSTAR MORTGAGE LLC

25  SET NUMBER:          ONE

26       Pursuant to Federal Rules of Civil Procedure, Rule 33, defendant Nationstar Mortgag

27  hereby responds to plaintiff Jennifer Castillo's First Set of Interrogatories as follows:

28  ///

NS-LOLL EXHIBIT 103
W: Andrew J. Loll
Date: 8-18-2016
Lucy Carrillo-Grubbs, CSR 6766

1  Lindsey, Ashley Martinez, Jamal McShall, Megan Moreno-Billie, Janki Patel, Troy Patterson, Tom
2  Rieker, Jason Rogers, Lorenzo Sanchez, Miral Shah, Vicky Sidaphay, Rachel Stephan, Stephanie
3  Watts, Lacy Weightman, Jessica Zinkhon.  Each of the foregoing individuals may be contacted c/o
4  Nationstar's counsel of record, Thomas N. Abbott, Severson & Werson, 1 Embarcadero Center, Suite
5  2600, San Francisco, California 94111.

6      Former employees or agents of Nationstar who worked on the subject loan account are: Tamra
7  Adams, Timothy Adams, Basudev Agarwal, Akil Allen, Hemakumar Armugam, Michaela Belen,
8  Heather Bose, Lori Bowles, Steven Bradford, Hitendrasingh Brahmbhatt, Alvin Brooks, Yvette
9  Brown, Yvonne Brown, Sadie Brunton, Char Carter, Juan Carlos Rivera, Shay Collins, Sharonda
10  Collins, Emily Cook, Jalpesh Dattani, Christopher Deardurff, Ryan Diaz, Andee Dunn, Adriane Dunn,
11  Emely Flores, Maunil Gosaliya, Charissa Gould, David Grasham, Ashley Gregory, Nallely Gutierrez,
12  Azra Habibija, Geneva Harding, Kristen Horton, Zack Huggins, Candice Jackson, Carol Jackson,
13  Krystal Jaeger, Shaktisinh Jadeja, Vijay Jakhar, Carrie Jensen, Manish Keswani, Laxmi Maurya,
14  Adam Meyer, Keshia Moore, Arun Nair, Connie Nguyen, Brian Nguyen, Cynde Nguyen, Jill Parr,
15  Ankit Patel, Japan Patel, Jasvant Patel, Aniketkumar Patel, Raschelle Pennant, Latoya Peterson, Binu
16  Poudel, Siddharth Prajapati, Subashini Ramanujam, Nathan Rhodes, Juan Rivera, Jason Roberts,
17  Monaye Robinson, Amber Robinson, Mykale Robinson, Derek Savells, Christopher Schrock,
18  Pratikumar Shah, Ashley Shannon, Derrvin Speight, Jaydeep Thakkar, Cody Toothman, Samantha
19  Turner, Stacy Turner, Shanta Turner, Dawn Tuthill, Dhivya V, Carl Webster, Kerri Weinmaster,
20  Sheila Wenck, Cristina Ybanez.  Nationstar is unaware of the current contact information for the
21  foregoing individuals.

22  **INTERROGATORY NO. 2:**

23      Set out the amount by which YOU claim PLAINTIFFS were in arrears, broken down by prin-
24  cipal, interest, escrow items, and each other fee or charge imposed, for each month from September 1,
25  2013 to the present.

26  **RESPONSE TO INTERROGATORY NO. 2:**

27      Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-
28  tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25

1  interrogatories *including* discrete subparts.  Including all discrete subparts, this set of interrogatories

2  includes well over 25 interrogatories in violation of Rule 33.  *See* Fed. R. Civ. Proc. 33(a)(1).

3  Nationstar further objects to this interrogatory, in conjunction the other interrogatories con-

4  tained in this set as overly broad, unduly burdensome, oppressive, and improper.  In addition to violat-

5  ing the letter of Rule 33, the number of the interrogatories is excessive considering the straightforward

6  factual and legal issues involved in this case, the needs of the case, and the amount in controversy.

7  Nationstar further objects to this interrogatory in that it seeks an accounting.  YOU are not en-

8  titled to an accounting.  See *Cordon v. Wachovia Mortgage, a Div. of Wells Fargo Bank, N.A.*, 776

9  F.Supp.2d 1029, 1040 (N.D. Cal. 2011) (accounting preempted by HOLA and would require plaintiff

10  to show that some balance is due the plaintiff that can only be ascertained by an accounting); *Flowers*

11  *v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, at *5 (N.D. Cal. 2011) (same); *Pantoja v. Countrywide*

12  *Home Loans, Inc.*, 640 F.Supp.2d 1177, 1192 (N.D. Cal. 2009) (same).

13  Subject to and without waiving the foregoing objection(s), Nationstar responds as follows:  the

14  amounts YOU were in arrears is itemized on the Mortgage Loan Statements which are produced with

15  Bates numbers NSR 0517 through NSR 0592.

16  **INTERROGATORY NO. 3:**

17  State all facts in support of the Tenth Affirmative Defense in the Answer to First Amended

18  Complaint filed on June 15, 2015, which states: "Plaintiffs are at fault with respect to the matters al-

19  leged in the First Amended Complaint, and Plaintiffs' recovery, if any, should be barred or reduced in

20  proportion to Plaintiffs' comparative fault."

21  **RESPONSE TO INTERROGATORY NO. 3:**

22  Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-

23  tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25

24  interrogatories *including* subparts.  Including all subparts, this set of interrogatories includes well over

25  25 interrogatories in violation of Rule 33.  *See* Fed. R. Civ. Proc. 33(a)(1).

26  Subject to and without waiving the foregoing objection(s), Nationstar responds as follows:  by

27  letter dated September 12, 2013, Nationstar notified YOU that servicing of the subject loan transferred

28  from Bank of America, N.A. ("BANA") to Nationstar effective September 1, 2013.  The written no-

1   tice identified the new Nationstar account number and the total past due amount as of September 1,

2   2013 of $185,944.13. The notice also provided YOU with the contact information for Nationstar and

3   where to send all payments due on or after September 1, 2013.

4           Notwithstanding this written notice, YOU continued to negotiate a loan modification with

5   BANA after September 1, 2013. The result of that negotiation is the loan modification at issue in this

6   lawsuit. The loan modification YOU entered into with BANA states that it is effective October 1,

7   2013 – one month *after* the loan transferred to Nationstar. In addition, YOU signed the agreement on

8   October 30, 2013 and BANA signed on December 18, 2013 – sixty (60) and one hundred nine (109)

9   days, respectively, *after* the loan transferred to Nationstar. Nationstar was not consulted about the ne-

10  gotiations and took no part in drafting the agreement.

11          YOU failed to include Nationstar in YOUR negotiations with BANA notwithstanding receipt

12  of the written notice of the transfer in servicing. YOU also failed to ensure that consummation of the

13  loan modification agreement YOU negotiated with BANA was complete prior to the service transfer

14  or that Nationstar be included in deliberations regarding the modification after the service transfer.

15          YOU are further at fault because Nationstar notified YOU that the delinquent escrow was not

16  capitalized and YOU failed to alert BANA of this issue. Nationstar provided such notice to YOU by

17  seeking to collect the delinquent escrow of $19,460.77 after the loan modification was boarded in De-

18  cember 2013. Upon learning from Nationstar that the delinquent escrow was not capitalized under the

19  loan modification, YOU should have notified BANA to provide it with an opportunity to review the

20  terms it had communicated to Nationstar regarding the modification. On information and belief, Na-

21  tionstar alleges that YOU failed to do so, and therefore, are at fault.

22          YOU also caused the implementation of the loan modification to be unnecessarily complex by

23  engaging attorneys who submitted a series of repetitive letters entitled "notice of error" to Nationstar

24  notwithstanding Nationstar's responses to YOU that the alleged error did not occur. Upon receipt of

25  Nationstar's first written response to YOU that no error occurred, YOU should have contacted BANA

26  so it could confirm the information it provided to Nationstar regarding the modification.

27          YOU were also uncooperative with Nationstar. Within the first several telephone calls YOU

28  had with Nationstar each borrower stated that he or she did not want to discuss the matter further and

1   would refer it to an attorney. Thereafter, YOUR attorneys submitted a series of repetitive letters enti-
2   tled "notice of error" to Nationstar notwithstanding Nationstar's responses to YOU that the alleged
3   error did not occur. YOU should have notified BANA upon receipt of Nationstar's first response to
4   YOUR attorneys' letters so that BANA could review the terms it had sent to Nationstar regarding the
5   loan modification.

6          Nationstar's discovery is ongoing and it reserves the right to amend its responses upon discov-
7   ery of additional facts in support of its affirmative defenses.

8   **INTERROGATORY NO. 4:**

9          State all facts to support YOUR Eleventh Affirmative Defense, that PLAINTIFFS are estopped
10  and their unclean hands bar their claims because "Plaintiffs failed to make payments on their loan ob-
11  ligations and knew that reasonable efforts to collect such debt would be made by Defendants or anoth-
12  er party."

13  **RESPONSE TO INTERROGATORY NO. 4:**

14         Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-
15  tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25
16  interrogatories *including* subparts. Including all subparts, this set of interrogatories includes well over
17  25 interrogatories in violation of Rule 33. *See* Fed. R. Civ. Proc. 33(a)(1).

18         Subject to and without waiving the foregoing objection(s), Nationstar responds as follows: by
19  letter dated September 12, 2013, Nationstar notified YOU that servicing of the subject loan transferred
20  from Bank of America, N.A. ("BANA") to Nationstar effective September 1, 2013. The written no-
21  tice identified the new Nationstar account number and the total past due amount as of September 1,
22  2013 of $185,944.13. The notice also provided YOU with the contact information for Nationstar and
23  where to send all payments due on or after September 1, 2013.

24         Notwithstanding this written notice, YOU continued to negotiate a loan modification with
25  BANA after September 1, 2013. The result of that negotiation is the loan modification at issue in this
26  lawsuit. The loan modification YOU entered into with BANA states that it is effective October 1,
27  2013 – one month *after* the loan transferred to Nationstar. In addition, YOU signed the agreement on
28  October 30, 2013 and BANA signed on December 18, 2013 – sixty (60) and one hundred nine (109)

1 **INTERROGATORY NO. 5:**

2    State all facts in support of the Twelfth Affirmative Defense in the Answer to First Amended

3 Complaint filed on June 15, 2015, which states: "Plaintiffs' claims are precluded because Plaintiff's

4 injuries, if any exist, resulted from a bona fide error, notwithstanding the maintenance of reasonable

5 procedures adapted to avoid such error."

6 **RESPONSE TO INTERROGATORY NO. 5:**

7    Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-

8 tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25

9 interrogatories *including* subparts. Including all subparts, this set of interrogatories includes well over

10 25 interrogatories in violation of Rule 33. *See* Fed. R. Civ. Proc. 33(a)(1).

11    Subject to and without waiving the foregoing objection(s), Nationstar responds as follows: by

12 letter dated September 12, 2013, Nationstar notified YOU that servicing of the subject loan transferred

13 from Bank of America, N.A. ("BANA") to Nationstar effective September 1, 2013. The written no-

14 tice identified the new Nationstar account number and the total past due amount as of September 1,

15 2013 of $185,944.13. The notice also provided YOU with the contact information for Nationstar and

16 where to send all payments due on or after September 1, 2013.

17    Notwithstanding this written notice, YOU continued to negotiate a loan modification with

18 BANA after September 1, 2013. The result of that negotiation is the loan modification at issue in this

19 lawsuit. The loan modification YOU entered into with BANA states that it is effective October 1,

20 2013 – one month *after* the loan transferred to Nationstar. In addition, YOU signed the agreement on

21 October 30, 2013 and BANA signed on December 18, 2013 – sixty (60) and one hundred nine (109)

22 days, respectively, *after* the loan transferred to Nationstar. Nationstar was not consulted about the ne-

23 gotiations and took no part in drafting the agreement.

24    YOU failed to include Nationstar in YOUR negotiations with BANA notwithstanding receipt

25 of the written notice of the transfer in servicing. YOU also failed to ensure that consummation of the

26 loan modification agreement YOU negotiated with BANA was complete prior to the service transfer

27 or that Nationstar be included in deliberations regarding the modification after the service transfer.

28    Nationstar is informed and believes that when it notified YOU that the $19,460.77 in delin-

1    quent escrow was not capitalized YOU failed to alert BANA of this issue. Had YOU notified BANA,

2    it could have checked the terms of the modification that it had conveyed to Nationstar in December

3    2013. Nationstar is informed and believes that had YOU provided BANA with such opportunity, it

4    would have discovered the terms it conveyed to Nationstar regarding capitalization of the $19,460.77

5    were inconsistent with the terms it had agreed to with YOU. Nationstar is further informed and be-

6    lieves that had BANA discovered that it had conveyed erroneous data to Nationstar, BANA would

7    have immediately notified Nationstar and Nationstar would have immediately updated the booking of

8    the loan modification to reflect the $19,460.77 in delinquent escrow as capitalized.

9        Nationstar's discovery is ongoing and it reserves the right to amend its responses upon discov-

10    ery of additional facts in support of its affirmative defenses.

11    **INTERROGATORY NO. 6:**

12        If YOU contend that PLAINTIFFS were required to make monthly payments which exceeded

13    $3,046.80 at any time, state all reasons for YOUR contention.

14    **RESPONSE TO INTERROGATORY NO. 6:**

15        Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-

16    tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25

17    interrogatories *including* discrete subparts. Including all discrete subparts, this set of interrogatories

18    includes well over 25 interrogatories in violation of Rule 33. *See* Fed. R. Civ. Proc. 33(a)(1).

19        Subject to and without waiving the foregoing objection(s), Nationstar responds as follows: As

20    a preliminary matter, Nationstar agrees that under the 2013 loan modification the monthly principal

21    and interest obligation through and including September 2016 is $2,334.74. After October 1, 2013,

22    Nationstar paid the County of Santa Clara the following sums for the property taxes levied on the sub-

23    ject property:

24       •   $4,178.65 on November 19, 2013 for the tax installment due December 10, 2013;

25       •   $4,178.65 on March 7, 2014 for the tax installment due April 10, 2014;

26       •   $4,612.80 on November 7, 2014 for the tax installment due December 10, 2014; and

27       •   $4,612.80 on March 16, 2015 for the tax installment due April 10, 2015

28    for a total of $17,582.90 over the past two tax years. To recover sufficient funds to pay the taxes, Na-

1  tionstar would have to collect a minimum of $732.62 each month for the tax portion of the monthly

2  escrow. In addition, Nationstar also paid approximately $823 in annual premiums for hazard insur-

3  ance coverage for the property. This increases the minimum monthly escrow amount by $68.60

4  ($823/12) to $801.20. On this basis alone, the monthly payment necessary to cover the principal, in-

5  terest, taxes and insurance is $3,135.94.

6        In addition to the foregoing, 12 C.F.R. 1024.17 provides that the escrow account allow for de-

7  ductions from the borrower's regular payments to cover future disbursements of escrow account items

8  – i.e., taxes, insurance premiums, etc. The modification YOU negotiated with BANA – at the exclu-

9  sion of Nationstar – fails to account for the fact that property taxes become due in November each

10  year. When the loan transferred to Nationstar effective September 1, 2013, there were insufficient

11  funds in escrow to cover the $4,178.65 tax installment that Nationstar advanced on November 19,

12  2013. Even after the modification became effective October 1, 2013, there were insufficient funds in

13  escrow. Indeed, the $712.06 escrow figure in the modification (noted as "May adjust periodically")

14  would only produce an escrow balance of $1,424.12 by the time Nationstar paid the tax installment in

15  November 2013, leaving an escrow shortage of $2,754.53. To recover this shortage, an additional

16  $229.54 over the next twelve (12) months was required. 12 C.F.R. § 1024.17(f)(3). This brings the

17  minimum total monthly payment to $3,365.48.

18        Based on the foregoing, at no time since the loan transferred to Nationstar was the sum of

19  $3,046.80 sufficient to cover the principal, interest, taxes and insurance under the loan, even as modi-

20  fied in October 2013.

21        Nationstar's discovery is ongoing and it reserves the right to amend its responses upon discov-

22  ery of additional facts in support of its affirmative defenses.

23  **INTERROGATORY NO. 7:**

24        If YOU contend that YOU, at any time, informed PLAINTIFFS of the correct monthly pay-

25  ment amount which they were obligated to pay, describe the DOCUMENTS or other means YOU

26  used to so inform the PLAINTIFFS.

27  **RESPONSE TO INTERROGATORY NO. 7:**

28        Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-

1 | tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25

2 | interrogatories *including* discrete subparts.  Including all discrete subparts, this set of interrogatories

3 | includes well over 25 interrogatories in violation of Rule 33.  *See* Fed. R. Civ. Proc. 33(a)(1).

4 |     Subject to and without waiving the foregoing objection(s), Nationstar responds as follows: Na-

5 | tionstar does not contend that it informed PLAINTIFFS of the correct monthly payment amount.  As

6 | explained above, Nationstar received erroneous data regarding whether to capitalize the $19,460.77 in

7 | delinquent escrow under the 2013 loan modification.  This caused Nationstar to calculate monthly

8 | payments that included sums necessary to recover the $19,460.77.  However, other than having

9 | YOUR attorneys send repetitive letters labeled "notice of error" to Nationstar YOU failed to take any

10 | other action to correct this such as notifying BANA so it could research what information it provided

11 | to Nationstar.

12 |     Nationstar's discovery is ongoing and it reserves the right to amend its responses upon discov-

13 | ery of additional facts in support of its affirmative defenses.

14 | **INTERROGATORY NO. 8:**

15 |     If YOU contend that the 2013 Mortgage Interest Statement (1098 form) attached as Exhibit 1

16 | hereto correctly states that $94,002.32 of mortgage interest had been paid in 2013, state how YOU

17 | calculated that amount.

18 | **RESPONSE TO INTERROGATORY NO. 8:**

19 |     Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-

20 | tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25

21 | interrogatories *including* discrete subparts.  Including all discrete subparts, this set of interrogatories

22 | includes well over 25 interrogatories in violation of Rule 33.  *See* Fed. R. Civ. Proc. 33(a)(1).

23 |     Nationstar also objects to this interrogatory's characterization of the meaning of an IRS Mort-

24 | gage Interest Statement.

25 |     Subject to and without waiving the foregoing objection(s), Nationstar responds as follows:

26 | Nationstar was correct to issue the statement in the amount specified because of the $90,655.21 in de-

27 | linquent interest that was capitalized in 2013 and the $3,347.11 in interest that was paid after the ef-

28 | fective date of the modification.

1   YOU received notice that the delinquent escrow of $19,460.77 was not capitalized from Nationstar

2   and YOU failed to alert BANA.

3      Nationstar's discovery is ongoing and it reserves the right to amend its responses upon discov-

4   ery of additional facts in support of its affirmative defenses.

5   **INTERROGATORY NO. 12:**

6      If YOU contend that at any time YOU have provided a "Mortgage Loan Statement" to the

7   PLAINTIFFS which correctly states the "Amount Due," identify such months.

8   **RESPONSE TO INTERROGATORY NO. 12:**

9      Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-

10   tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25

11   interrogatories *including* discrete subparts. Including all discrete subparts, this set of interrogatories

12   includes well over 25 interrogatories in violation of Rule 33. *See* Fed. R. Civ. Proc. 33(a)(1).

13      Subject to and without waiving the foregoing objection(s), Nationstar responds as follows: Na-

14   tionstar does not contend that it informed PLAINTIFFS of the correct amount due.  As explained

15   above, Nationstar received erroneous data regarding whether to capitalize the $19,460.77 in delin-

16   quent escrow under the 2013 loan modification.  This caused Nationstar to calculate monthly pay-

17   ments that included sums necessary to recover the $19,460.77.  In turn, this also caused statements

18   about the amount due to be higher.  However, other than having YOUR attorneys send repetitive let-

19   ters labeled "notice of error" to Nationstar YOU failed to take any other action to correct this such as

20   notifying BANA so it could research what information it provided to Nationstar.

21      Nationstar's discovery is ongoing and it reserves the right to amend its responses upon discov-

22   ery of additional facts in support of its affirmative defenses.

23   **INTERROGATORY NO. 13:**

24      State all reasons why YOU did not respond substantively to the letter dated May 21, 2014 until

25   July 10, 2014.

26   **RESPONSE TO INTERROGATORY NO. 13:**

27      Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-

28   tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25

1  interrogatories *including* discrete subparts.  Including all discrete subparts, this set of interrogatories
2  includes well over 25 interrogatories in violation of Rule 33.  *See* Fed. R. Civ. Proc. 33(a)(1).

3          Nationstar further objects to this interrogatory as seeking information that is irrelevant.  The
4  error resolution procedure under the Real Estate Settlement Procedures Act require the servicer to
5  acknowledge receipt of a notice of error within five (5) business days of receipt of the notice.  12
6  C.F.R. § 1024.35(d).  Nationstar received the May 21, 2014 letter on May 27, 2014 and acknowledged
7  it by letter on May 29, 2014.  The Act further requires the substantive response to be provided within
8  thirty (30) business days but may be extended by the servicer once for an additional fifteen (15) busi-
9  ness days.  12 C.F.R. § 1024.35(e)(3)(i)-(ii).  Within twenty nine (29) business days of receipt of the
10 May 21, 2014 letter Nationstar invoked its right to an extension (by letter on June 25, 2014) and re-
11 sponded fifteen (15) business days later on July 10, 2014.  It is unclear what relevance, if any, a forty-
12 four (44) business day turnaround on a substantive response would have to plaintiffs' claims.

13         Nationstar's discovery is ongoing and it reserves the right to amend its responses upon discov-
14 ery of additional facts in support of its affirmative defenses.

15 <u>**INTERROGATORY NO. 14:**</u>

16         State all reasons why Ashley Gregory did not respond to the September 12, 2014 email sent to
17 her by William E. Kennedy, as described in the First Amended Complaint, paragraphs 87-89.

18 <u>**RESPONSE TO INTERROGATORY NO. 14:**</u>

19         Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-
20 tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25
21 interrogatories *including* discrete subparts.  Including all discrete subparts, this set of interrogatories
22 includes well over 25 interrogatories in violation of Rule 33.  *See* Fed. R. Civ. Proc. 33(a)(1).

23         Nationstar further objects to this interrogatory as seeking information that is irrelevant. The
24 September 12, 2014 communication was repetitive of each and every purported Notice of Error sent
25 before that time.  Namely, YOU contended that Nationstar made an error by seeking to recover the
26 $19,460.77 in delinquent escrow.  A servicer is not required to respond to purported notices of error
27 asserting an error that is substantially the same as an error previously asserted by the borrower. See
28 12 C.F.R. § 1024.35(g).

1    Nationstar further objects to this interrogatory to the extent it suggests that an e-mail consti-

2    tutes a Notice of Error or requires a response by the servicer.  Nationstar established an address that

3    borrowers must use to submit notices of error: P.O. Box 630348, Irving, TX 75063.  YOU submitted

4    YOUR other purported Notices of Error to this address, thus establishing that YOU were aware of the

5    address and requirement that notices be sent there.

6    Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:

7    Ashley Gregory's last day of employment with Nationstar was September 12, 2014.

8    Nationstar's discovery is ongoing and it reserves the right to amend its responses upon discov-

9    ery of additional facts in support of its affirmative defenses.

10    **INTERROGATORY NO. 15:**

11    State all reasons why YOU did not make any corrections to the MORTGAGE ACCOUNT in

12    response to the May 21, 2014, July 18, 2014, and July 30, 2014 letters from William E. Kennedy.

13    **RESPONSE TO INTERROGATORY NO. 15:**

14    Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-

15    tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25

16    interrogatories *including* discrete subparts.  Including all discrete subparts, this set of interrogatories

17    includes well over 25 interrogatories in violation of Rule 33.  *See* Fed. R. Civ. Proc. 33(a)(1).

18    Nationstar further objects to this interrogatory in that it assumes a correction was warranted.

19    Each of the letters referenced in this interrogatory asserted errors by Nationstar but after an investiga-

20    tion Nationstar concluded – as it notified YOU in writing – that the asserted error did not occur.

21    Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:

22    Nationstar did not make any change to the account in response to the repetitive May 21, 2014, July 18,

23    2014, and July 30, 2014 letters from William E. Kennedy because the assertions conveyed in the re-

24    petitive letters were contrary to the information Nationstar received from Bank of America ("BANA")

25    regarding whether to capitalize the $19,460.77 in delinquent escrow.  Nationstar serviced the account

26    in accordance with the instructions it received from BANA regarding the terms of the loan modifica-

27    tion referred to in the first amended complaint.

28    When the loan transferred to Nationstar effective September 1, 2013, the subject loan modifi-

1  concluded that no error occurred.  Moreover, after further investigation to respond to discovery Na-

2  tionstar has determined that the dispute originates with the fact that the terms of the loan modification

3  that were communicated to Nationstar by Bank of America indicated that the delinquent escrow of

4  $19,460.77 was not capitalized.

5         Subject to, and without waiving, the foregoing objection(s) Nationstar responds as follows:

6  Nationstar responded to a series of ACDVs it received in February 2015.  In response, Nationstar re-

7  moved the delinquency through September 2014 and updated October 2014 to reflect the account as

8  60 days delinquent.

9  **INTERROGATORY NO. 21:**

10        If YOU contend that any of the letters dated May 21, 2014, July 18, 2014, July 30, 2014, De-

11  cember 15, 2014, and January 23, 2015 which YOU received from William E. Kennedy concerning

12  the MORTGAGE ACCOUNT did not meet the requirements of a Notice of Error under the Real Es-

13  tate Settlement Procedures Act, state the specific reason(s) why not with respect to each letter.

14  **RESPONSE TO INTERROGATORY NO. 21:**

15        Nationstar objects to this interrogatory and each interrogatory set forth in this set as in viola-

16  tion of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25

17  interrogatories *including* discrete subparts.  Including all discrete subparts, this set of interrogatories

18  includes well over 25 interrogatories in violation of Rule 33.  *See* Fed. R. Civ. Proc. 33(a)(1).

19        Nationstar does not contend that the letters referenced in this interrogatory are not Notices of

20  Error but contends that YOU were not entitled to a response to one or more of the letters pursuant to

21  12 C.F.R. § 1024.35(g) because the letters asserted the same error which Nationstar addressed in writ-

22  ing.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    DATED:  September 8, 2015          SEVERSON & WERSON
2                                       A Professional Corporation

3
4                                       By: _____
                                                Thomas N. Abbott
5
6                                       Attorneys for Defendants
                                        NATIONSTAR MORTGAGE LLC and WELLS FARGO
7                                       BANK, N.A. AS TRUSTEE FOR BANK OF AMERICA
                                        MORTGAGE SECURITIES, INC. MORTGAGE PASS-
8                                       THROUGH CERTIFICATES, SERIES 2006-A

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION**

1

2      I have read the foregoing NATIONSTAR MORTGAGE LLC'S RESPONSES TO

3 PLAINTIFF JENNIFER CASTILLO'S FIRST SET OF INTERROGATORIES and know its con-

4 tents.

5      I am a Vice President of NATIONSTAR MORTGAGE LLC, a party to this action, and am au-

6 thorized to make this verification for and on its behalf, and I make this verification for that reason. I

7 am informed and believe, and on that ground allege, that the matters stated in the foregoing document

8 are true.

9      I declare under penalty of perjury under the laws of the State of California that the foregoing is

10 true and correct.

11      Executed on September 4, 2015, at Coppell, Texas.

12

13

  A.J. Loll

14 Print Name of Signatory                  Signature

15

16

17                            A. J. Loll, Vice President

                              Nationstar Mortgage LLC

18

19

20

21

22

23

24

25

26

27

28