MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
THOMAS N. ABBOTT (State Bar No. 245568)
tna@severson.com
MEGAN E. GRUBER (State Bar No. 246122)
meg@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
NATIONSTAR MORTGAGE LLC and WELLS
FARGO BANK, N.A. AS TRUSTEE FOR
BANK OF AMERICA MORTGAGE
SECURITIES, INC. MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2006-A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER CASTILLO and JASON CASTILLO,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR BANK OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 5:15-cv-01743-BLF<br><br>**NATIONSTAR MORTGAGE LLC'S FURTHER AMENDED RESPONSE TO PLAINTIFF JENNIFER CASTILLO'S INTERROGATORY NUMBER 2**<br><br>Action Filed:   March 19, 2015<br>Trial Date:      February 13, 2017 |

PROPOUNDING PARTY:   Plaintiff JENNIFER CASTILLO

RESPONDING PARTY:     Defendant NATIONSTAR MORTGAGE LLC

SET NUMBER:            ONE

Pursuant to Federal Rules of Civil Procedure, Rule 33, defendant Nationstar Mortgage LLC hereby further amends its responses to plaintiff Jennifer Castillo's First Set of Interrogatories

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 2:**

Set out the amount by which YOU claim PLAINTIFFS were in arrears, broken down by principal, interest, escrow items, and each other fee or charge imposed, for each month from September 1, 2013 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Nationstar objects to this interrogatory and each interrogatory set forth in this set as in violation of Rule of Civil Procedure 33, which limits the number of interrogatories a party may serve to 25 interrogatories *including* discrete subparts. Including all discrete subparts, this set of interrogatories includes well over 25 interrogatories in violation of Rule 33. *See* Fed. R. Civ. Proc. 33(a)(1).

Nationstar further objects to this interrogatory, in conjunction the other interrogatories contained in this set as overly broad, unduly burdensome, oppressive, and improper. In addition to violating the letter of Rule 33, the number of the interrogatories is excessive considering the straightforward factual and legal issues involved in this case, the needs of the case, and the amount in controversy.

Nationstar further objects to this interrogatory in that it seeks an accounting. YOU are not entitled to an accounting. See *Cordon v. Wachovia Mortgage, a Div. of Wells Fargo Bank, N.A.*, 776 F.Supp.2d 1029, 1040 (N.D. Cal. 2011) (accounting preempted by HOLA and would require plaintiff to show that some balance is due the plaintiff that can only be ascertained by an accounting); *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, at *5 (N.D. Cal. 2011) (same); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1192 (N.D. Cal. 2009) (same).

Subject to and without waiving the foregoing objection(s), Nationstar responds as follows: the amounts YOU were in arrears is itemized on the Mortgage Loan Statements which are produced with Bates numbers NSR 0517 through NSR 0592.

**AMENDED RESPONSE TO INTERROGATORY NO. 2:**

Nationstar objects to this interrogatory and each interrogatory set forth in this set as in

1  violation of Rule of Civil Procedure 33, which limits the number of interrogatories a party may
2  serve to 25 interrogatories *including* discrete subparts. Including all discrete subparts, this set of
3  interrogatories includes well over 25 interrogatories in violation of Rule 33. *See* Fed. R. Civ.
4  Proc. 33(a)(1).

Nationstar further objects to this interrogatory, in conjunction the other interrogatories contained in this set as overly broad, unduly burdensome, oppressive, and improper. In addition to violating the letter of Rule 33, the number of the interrogatories is excessive considering the straightforward factual and legal issues involved in this case, the needs of the case, and the amount in controversy.

Nationstar further objects to this interrogatory in that it seeks an accounting. YOU are not entitled to an accounting. See *Cordon v. Wachovia Mortgage, a Div. of Wells Fargo Bank, N.A.*, 776 F.Supp.2d 1029, 1040 (N.D. Cal. 2011) (accounting preempted by HOLA and would require plaintiff to show that some balance is due the plaintiff that can only be ascertained by an accounting); *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, at *5 (N.D. Cal. 2011) (same); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1192 (N.D. Cal. 2009) (same).

Subject to and without waiving the foregoing objection(s), Nationstar responds as follows: Nationstar contends that pursuant to the loan-modification agreement signed by YOU on October 30, 2013, with an effective date of October 1, 2013, YOU are obligated to pay monthly principal and interest in the amounts set forth in the following table:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-3 | 2.000% | 09/01/2013 | $2,334.74 | $712.06 May adjust periodically | $3,046.80 May adjust periodically | 10/01/2013 | 36 |
| 4 | 3.000% | 09/01/2016 | $2,552.44 | May adjust periodically | May adjust periodically | 10/01/2016 | 12 |
| 5-23 | 3.125% | 09/01/2017 | $2,579.17 | May adjust periodically | May adjust periodically | 10/01/2017 | 220 |

1  Nationstar further contends that the escrow amount YOU are presently obligated to pay each
2  month is $837.38 – which is estimated as necessary to cover the bi-annual property tax assessment
3  of $4,813.80 and the yearly hazard insurance cost of approximately $839.00. Nationstar therefore
4  contends that YOU are obligated to pay a total of $3,172.12 ($2,334.74 in principal and interest
5  plus $837.38 for escrow) each month. Nationstar further contends that YOUR account is due for
6  the installment of principal, interest and escrow that became due on August 1, 2015 and each
7  month thereafter. After adding corporate advances and deducting funds held in suspense, the total
8  amount due and owing on YOUR account as of January 13, 2016 and through January 31, 2016 is
9  $18,822.37.

10 **FURTHER AMENDED RESPONSE TO INTERROGATORY NO. 2:**

11  Nationstar objects to this interrogatory and each interrogatory set forth in this set as in
12  violation of Rule of Civil Procedure 33, which limits the number of interrogatories a party may
13  serve to 25 interrogatories *including* discrete subparts. Including all discrete subparts, this set of
14  interrogatories includes well over 25 interrogatories in violation of Rule 33. *See* Fed. R. Civ.
15  Proc. 33(a)(1).

16  Nationstar further objects to this interrogatory, in conjunction the other interrogatories
17  contained in this set as overly broad, unduly burdensome, oppressive, and improper. In addition to
18  violating the letter of Rule 33, the number of the interrogatories is excessive considering the
19  straightforward factual and legal issues involved in this case, the needs of the case, and the amount
20  in controversy.

21  Nationstar further objects to this interrogatory in that it seeks an accounting. YOU are not
22  entitled to an accounting. See *Cordon v. Wachovia Mortgage, a Div. of Wells Fargo Bank, N.A.*,
23  776 F.Supp.2d 1029, 1040 (N.D. Cal. 2011) (accounting preempted by HOLA and would require
24  plaintiff to show that some balance is due the plaintiff that can only be ascertained by an
25  accounting); *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, at *5 (N.D. Cal. 2011)
26  (same); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1192 (N.D. Cal. 2009)
27  (same).

28

Subject to and without waiving the foregoing objections, and responding under the premise that the loan modification is enforceable, Nationstar responds as follows: Pursuant to the loan modification agreement signed by YOU on October 30, 2013, with an effective date of October 1, 2013, YOU are obligated to pay monthly principal and interest in the amounts set forth in the

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-3 | 2.000% | 09/01/2013 | $2,334.74 | $712.06 May adjust periodically | $3,046.80 May adjust periodically | 10/01/2013 | 36 |
| 4 | 3.000% | 09/01/2016 | $2,552.44 | May adjust periodically | May adjust periodically | 10/01/2016 | 12 |
| 5-23 | 3.125% | 09/01/2017 | $2,579.17 | May adjust periodically | May adjust periodically | 10/01/2017 | 220 |

above table.

Assuming again that the loan modification agreeement is enforceable, the below table is a reinstatement calculation through the end of August, 2016. The total amount due and owing is $11,494.92. The monthly amount due in principal and interest remains $2,334.74. The monthly amount due in escrow as of August, 2016 is $837.38. Thus, not including the arrearages, the current monthly amount due is $3,172.12. With regard to prior amounts due, the Castillos owed no more than $3,046.80 per month from October, 2013 to August, 2015, and no more than $3,172.12 per month thereafter. An adjustment will occur at the time of the October 1, 2016 payment.

| Reinstatement Calculation Through Aug 2016 | |
|---|---|
| P&I Owed @ 2334.74 | $23,347.40 |
| Suspense | ($12,689.86) |
| Escrow Owed Included Aug | $8,422.64 |
| Escrows Overpaid | ($7,585.26) |
|  |  |
| Total | $11,494.92 |

1 | DATED: September 1, 2016

SEVERSON & WERSON
A Professional Corporation

By:    */s/ Megan E. Gruber*
        Megan E. Gruber

Attorneys for Defendants
NATIONSTAR MORTGAGE LLC and WELLS FARGO BANK, N.A. AS TRUSTEE FOR BANK OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A

1 **VERIFICATION**

2   I have read the foregoing NATIONSTAR MORTGAGE LLC'S <u>FURTHER</u> <u>AMENDED</u>
3 RESPONSE TO PLAINTIFF JENNIFER CASTILLO'S INTERROGATORY NUMBER 2 and
4 know its contents.

5   I, A.J. Loll, am a Vice President of NATIONSTAR MORTGAGE LLC, a party to this
6 action, and am authorized to make this verification for and on its behalf, and I make this
7 verification for that reason. I am informed and believe, and on that ground allege, that the matters
8 stated in the foregoing document are true.

9   I declare under penalty of perjury under the laws of the State of California that the
10 foregoing is true and correct.

11   Executed on September 6, 2016, at San Francisco, California.

13
   AJ Loll
14 Print Name of Signatory          Signature