William E. Kennedy State Bar No. 158214
CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
Telephone: (408) 241-1000
Facsimile: (408) 241-1500
Email: wkennedy@kennedyconsumerlaw.com

Elizabeth S. Letcher State Bar No. 172986
LAW OFFICES OF ELIZABETH S. LETCHER
60 29th Street, No. 221
San Francisco, CA 94110
Telephone: (415) 643-4755
Facsimile: (415) 738-5400
Email: elizabeth@elizabethletcher.com

Attorneys for Plaintiffs
JENNIFER AND JASON CASTILLO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JENNIFER CASTILLO and JASON CASTILLO,

Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR BANC OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A and DOES 1 through 100 inclusive

Defendants.

**DECLARATION OF GEORGE KELLER**

Case No. 5:15-cv-01743-BLF

Date: August 4, 2016
Time: 9:00 a.m.
Ctrm: Courtroom 3, 5th Floor

Action Filed: March 19, 2015
Trial Date: February 13, 2017

I, George H. Keller, declare:

1. I was formerly counsel for Defendants Bank of America, N.A. and Wells Fargo Bank, N.A., as Trustee for Bank of America Mortgage Securities, Inc. Mortgage Pass-Through Certificates, Series 2006-A, in *Castillo v. Bank of America, N.A. et al.*, Santa Clara Superior Court Case No. 112 CV 233256. I have personal knowledge of the matters set forth herein, and if called to testify, would and could competently testify to them.

2. I was primarily responsible for negotiating the terms of a loan modification on behalf of Bank of America and Wells Fargo (collectively referred to here a "Bank of America") with Jennifer and Jason Castillo during the pendency of the litigation.

3. During the litigation the modifications Bank of America offered were intended to get the loan terms and payment terms in line with those of 2010 modification, to honor it as closely as possible.

4. To the best of my recollection, the Castillos did not submit income information to qualify for the modifications Bank of America offered during the litigation, nor did Bank of America request income information from them during the litigation. There was never a request, to my knowledge, for updated income information from the Castillos during the pendency of the lawsuit. As I wrote in the email attached as Exhibit A, the bank viewed each of the several modifications it proposed as "a unique in-house mod designed specifically in order to honor the Castillos' 2010 modification as closely as possible, while eating up fees and so forth due to servicing error and the earlier mod's inoperability." It was intended to respond to their circumstances in 2010, not 2013.

5. Accordingly, the modification the Castillos ultimately signed in 2013 was not based on the Castillos' income or hardship in 2013. The modification was an effort to mirror the 2010 modification, and to make recompense in part for the fact that the process had gone on for so long, with the Bank withdrawing several modification offers.

6. To the best of my memory, Nationstar was not conditioning its approval of the modification on the Castillos' income. The terms had been approved by Bank of America

before the servicing transfer, and my communications with Nationstar were simply to ensure Nationstar approved modification terms already in place before the servicing transfer.

7. The 2013 loan modification that the Castillos signed was not intended to impose a requirement that the Castillos have hardship at the time they signed. The document was intended as a means of resolving the issues that had evolved following the 2010 modification, and to respond to the borrowers' status as it was at the time of the 2010 modification. The parties' focus was on getting a modification agreement that would become an operative document that would approximately mirror the terms, conditions, and status of the modification in 2010.

8. The "Modification Analysis" dated August 13, 2013 and attached hereto as Exhibit B is a document produced by Bank of America as part of its modification process; it is not an application from the Castillos.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 17, 2016

George H. Keller