BRYAN CAVE LLP
Andrea M. Hicks, California Bar No. 219836
Margaret K. Thies, California Bar No. 283408
George H. Keller, California Bar No. 178970
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:   (415) 675-3400
Facsimile:    (415) 675-3434
Email:          andrea.hicks@bryancave.com
                   peggy.thies@bryancave.com
                   kellerg@bryancave.com

Attorneys for Defendants
BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; and WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA – UNLIMITED JURISDICTION

| | |
|---|---|
| JENNIFER CASTILLO, JASON CASTILLO, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A, and DOES 1 through 100 inclusive, <br><br> Defendants. | Case No. 112CV233256 <br><br> Hon. Kevin McKenny <br><br> **DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** <br><br> Date:   August 29, 2013 <br> Time:  9 a.m. <br> Dept.:  20 <br><br> Judge: Hon. Kevin McKenny <br><br> Complaint Filed:  October 1, 2012 <br> Trial Date:            Not Assigned |

Exhibit 72
Andrew J. Loll
08-17-16
CSR: ARG

156273\C076608\0343564

OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
CASE NO. 112CV233256

## I. INTRODUCTION

Bank of America, N.A. ("BANA") and Bank of New York Mellon, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-56, Mortgage Passthough Certificates, Series 2005-56 (BNYM") (collectively "Defendants") oppose the Motion for Leave to File Third Amended Complaint brought by Plaintiffs Jennifer Castillo and Jason Castillo ("Plaintiffs"). Plaintiffs' proposed claim for negligence is premised on inadmissible compromise negotiations and fails to state a cause of action against Defendants BANA as servicer and BNYM as investor of Plaintiffs' residential loan.

As such, Defendants request this Court deny Plaintiffs' Motion for Leave to Amend Complaint.

## II. STANDARD OF REVIEW

A motion for leave to amend a complaint is generally liberally granted; however, the court has discretion to deny a motion for leave to amend when certain factors are present. The court has discretion to deny leave to amend where a proposed amendment fails to state a valid cause of action or defense. *See California Casualty General Ins. Co. v. Sup. Ct. (Gorgei)*, 173 Cal. App. 3d 274, 281 (1985) (*disapproved on other grounds in Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 407 fn. 11 (2000)). "[D]enial of amendments of pleadings have been upheld in the past on two possible bases: the subject matter of the proposed pleading, or the conduct of the parties." *Landis v. Superior Court of Los Angeles County*, 232 Cal. App. 2d 548, 554 (1965).

With respect to the first ground, leave to amend may be denied where, among other things, "the subject matter raises a disfavored plea, is insufficient to state a cause of action or defense, . . . or changes the cause of action." *Id. See Cal. Casualty Gen. Ins. Co. v. Superior Court*, 173 Cal. App. 3d 274, 280-81 (1985) ("the failure of a proposed amendment to state facts sufficient to constitute a cause of action or defense may support an order denying a motion to amend"); *Dineen v. San Francisco*, 38 Cal. App. 2d 486, 494-95 (1940) (affirming denial of leave to amend where proposed amendment would not state a cause of action); *Vaillette v. Fireman's Fund Ins. Co.*, 18 Cal. App. 4th 680, 685 & 691 (1993) (stating that "leave to amend should *not* be granted where, in all probability, amendment would be futile" (emphasis in the original)).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

Such denial is "most appropriate" where the pleading is deficient as a matter of law and the defect could not be cured by further appropriate amendment. *Foxborough v. Van Atta*, 26 Cal. App. 4th 217, 230 (1994). Thus, California courts will not grant leave to amend a complaint if the plaintiff's inability to assert an essential element of the proposed cause of action would render the amendment futile. *See Avila v. Citrus Cmty. Col. Dist.*, 38 Cal. 4th 148, 166 (2006) (stating that it was not error to deny leave to amend so that plaintiff could assert a claim for battery because plaintiff's inability to allege an element of a battery claim would render amendment futile)

## III. ARGUMENT

### A. Plaintiff's Proposed Amendment Fails Because It Is Based On An Inadmissible Offer Of Compromise.

California Evidence Code section 1152 provides that evidence that a party has offered to compromise a claim is inadmissible to prove liability for that claim. Cal. Evid. Code § 1152. Likewise, California Code of Evidence section 1154 states: "Evidence that a person has accepted or offered or promised to accept a sum of money or any other thing, act, or service in satisfaction of a claim, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove the invalidity of the claim or any part of it." Cal. Evid. Code § 1154. "[T]he obvious policy of the statute is to avoid deterring parties from making offers of settlement and to facilitate candid discussion which may lead to settlement of disputes. Negotiations might well be discouraged if a party knew that statements made by him . . . might later be used to prove the invalidity of some other claim which he wished to assert." *Fieldson Associates, Inc. v. Whitecliff Laboratories, Inc.*, 276 Cal. App. 2d 770, 773 (1969).

This rule not only makes inadmissible offers to compromise, it also makes inadmissible all negotiations in relation thereto unless they are otherwise admissible. *Mach. Operators Union Local No. 162 v. Glasgow Theaters, Inc.*, 6 Cal. App. 3d 395, 401 (1970). Here, while any new modification would not in and of itself be the *sole* resolution to all claims alleged by Plaintiffs, the basis of Plaintiffs' proposed amendment derives from Defendants' efforts to resolve the July 2010 loan modification, *see proposed* Third Amended Complaint ("TAC") ¶ 15, through the preparation and issuance of the November 9, 2012 loan modification, *see proposed* TAC, ¶ 34, the later May

20, 203 modification offer, *see proposed* TAC ¶ 44, and the final May 29, 2013 modification offer, *see proposed* TAC ¶ 15. This lies within the rule excluding offers to compromise as well all negotiations relating to a final compromise of all claims. *Mach. Operators*, 6 Cal. App. 3d at 401; *Fieldson Assoc.'s, Inc., v. Whitecliff Lab., Inc.*, 276 Cal. App. 2d 770 (1969). Inadmissibility of these efforts towards resolution is "based on the public policy in favor of the settlement of disputes without litigation and are intended to promote candor in settlement negotiations." *Zhou v. Unisource Worldwide, Inc.* (2008) 157 Cal. App. 4th 1471, 1475. "The rule prevents parties from being deterred from making offers of settlement and facilitates the type of candid discussion that may lead to settlement." *Id.*; *Caira v. Offner* (2005) 236 Cal. App. 4th 12, 32 (evidence should be excluded under Evidence Code section 1152 where the strong public policy favoring settlement negotiations and the necessity of candor in conducting them combine to require exclusion.)

Thus, even though any final proposed modification agreement might not have resulted in a resolution of all of Plaintiffs' claims, each of the proposed modifications was made in an effort to resolve the primary basis of the suit arising out of errors in the initial 2010 modification which Defendants prepared and which was entered into by Plaintiffs. As such, the facts alleged in the Proposed Amended Complaint are inadmissible and cannot support a cause of action for negligence (or any other cause of action.)

### B. Plaintiffs' Proposed Negligence Claim Fails To State A Cause Of Action Upon Which Relief May Be Granted.

Where, as here, a *proposed* complaint fails to state facts sufficient to constitute a cause of action, courts routinely deny a plaintiff's motion for leave to amend. *See e.g. Foxborough v. Van Atta*, 26 Cal. App. 4th 217, 230 (1994) ("if the proposed amendment fails to state a cause of action, it is proper to deny leave to amend."). Plaintiffs cannot state a claim for negligence because Plaintiffs cannot allege the element of duty owed by Defendants. *See Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (2007) ("to recover on a theory of negligence, Plaintiffs must prove duty, breach, causation, and damages.").

loan, the court found that the lender owed a duty of care because it similarly agreed to finance and take a significant part in the construction of a residential development tract. *Id.* at 865-870. In *Watkinson v. Mortgage IT, Inc*, 10-CV-327-IED (BLM), 2010 WL 2196083 (S.D. Cal. June 1, 2010), the initial lender had purposefully misstated plaintiff's income and property value at the time of application. *Id.* at *9.

Plaintiffs' claims arise from the initial 2010 loan modification entered into by Plaintiffs due to Plaintiffs' *own* inability to pay on the loan under its original terms as entered into in 2006. The proposed negligence claim concerns only efforts to correct and then replace that initial 2010 modification, with terms which remained acceptable to Plaintiffs. As such, Defendants' roles throughout the loan history have never exceeded their traditional roles as lender and servicer. Therefore, the Court should deny Plaintiffs' Motion for Leave to Amend to add a claim for negligence against Defendants.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to Amend Complaint.

Dated: August 16, 2013

BRYAN CAVE LLP
Andrea M. Hicks
Margaret K. Thies
George H. Keller

By: _____
George H. Keller
Attorneys for Defendants
BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; and WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 560 Mission Street, 25th Floor, San Francisco, CA 94105.

On August 16, 2013, I caused to be served on the interested parties in said action the within:

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

by placing a true copy thereof in a sealed envelope(s) addressed to each as follows:

| | |
|---|---|
| Maeve Elise Brown<br>Elizabeth S. Letcher<br>HOUSING AND ECONOMIC RIGHTS ADVOCATES<br>1814 Franklin Street, Suite 1040<br>Oakland, CA 94612<br>eletcher@heraca.org | Attorneys for Jennifer and Jason Castillo<br><br>Telephone: 510.271.8443 |
| William E. Kennedy<br>CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY<br>2797 Park Avenue, Suite 201<br>Santa Clara, CA 95050<br>wkennedy@kennedyconsumerlaw.com | Attorneys for Jennifer and Jason Castillo<br><br>Telephone: 408.241.1000 |

☒ **BY FEDERAL EXPRESS:** I placed such envelope for deposit in the Federal Express drop slot for service by Federal Express. I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with Federal Express on that same day at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if service is more than one day after date of deposit for express service in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 16, 2013, in San Francisco, California.

*/s/ Elisa Anderson*
Elisa Anderson