William E. Kennedy State Bar No. 158214
CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
Telephone: (408) 241-1000
Facsimile: (408) 241-1500
Email: wkennedy@kennedyconsumerlaw.com

Robert David Humphreys, OBA #12346, *Pro Hac Vice*
Lucius James Wallace, OBA #16070, *Pro Hac Vice*
HUMPHREYS WALLACE HUMPHREYS, P.C.
9202 S. Toledo Avenue
Tulsa, OK 74137
Telephone: (918) 747-5300
Facsimile: (918) 747-5311
Email: david@hwh-law.com; luke@hwh-law.com

Elizabeth S. Letcher State Bar No. 172986
LAW OFFICES OF ELIZABETH S. LETCHER
60 29th Street, No. 221
San Francisco, CA 94110
Telephone: (415) 643-4755
Facsimile: (415) 738-5400
Email: elizabeth@elizabethletcher.com

Attorneys for Plaintiffs
JENNIFER AND JASON CASTILLO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER CASTILLO and JASON CASTILLO,<br>    Plaintiffs,<br>v.<br><br>NATIONSTAR MORTGAGE LLC, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR BANC OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A<br><br>    Defendants. | **DECLARATION OF MARK A. CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Case No. 5:15-cv-01743-BLF<br><br>Date: August 24, 2017<br>Time: 9:00 a.m.<br>Courtroom 3, 5th Floor<br>Hon. Beth Labson Freeman |

I, MARK A. CHAVEZ, hereby declare as follows:

1. I make this Declaration of my own personal knowledge except for those matters stated on information and belief, and if called to testify, I could and would testify competently to the matters stated herein.

2. I am an attorney admitted to practice in this Court and all other courts of the State of California. I am a partner in the law firm of Chavez & Gertler LLP. I make this Declaration in support of Plaintiffs' Motion for Fee and Service in this matter.

## EXPERIENCE AND QUALIFICATIONS

3. I received my B.A. summa cum laude from the University of the Americas in 1975 and my J.D. from Stanford Law School in 1979. In the fall of 1978, I served as a Judicial Extern for the Honorable Mathew O. Tobriner, then Senior Associate Justice of the California Supreme Court. After graduating from law school, I joined the Civil Division of the United States Department of Justice in Washington, D.C., through the Attorney General's Honors Program. I was subsequently employed with the law firm of Pillsbury, Madison & Sutro in San Francisco, California as an associate, and was a partner in the law firm of Farrow, Bramson, Chavez & Baskin in Walnut Creek, California. For 23 years, I have been a partner in the law firm of Chavez & Gertler LLP in Mill Valley, California handling class action litigation on behalf of plaintiffs.

4. I am a member in good standing of the California State Bar and the bars of United States District Courts for the Northern, Eastern, Central and Southern Districts of California. Although I am based in California, I practice throughout the country. In connection with individual cases, I have been admitted to appear before the United States District Courts for the District of Arizona, the District of Colorado, the District of Columbia, the Middle District of Florida, the Southern District of Florida, the District of Idaho, the Northern District of Illinois, the District of Massachusetts, the District of New Jersey, the Eastern District of New York, the Eastern District of Pennsylvania and the Western District of Washington. I have also been admitted pro hac vice and have appeared before state trial courts in Alabama, Arizona, Florida, Missouri, Nevada, Ohio, Washington, and West Virginia.

5. I am admitted to practice before the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit, the District of Columbia Circuit and the Eleventh Circuit. I have argued appeals before the United States Court of Appeals, the California Supreme Court and the California Court of Appeals. The published appellate opinions in my cases include the following:

(a) In re Tobacco Cases II (2007) 41 Cal.4th 1257;

(b) Olszeweski v. ScrippsHealth, (2003) 30 Cal.4th 798;

(c) Washington Mutual Bank v. Superior Court, (2001) 24 Cal.4th 906;

(d) Linder v. Thrifty Oil Co., (2000) 23 Cal.4th 429 (argued as counsel for amicus);

(e) AICCO, Inc. v. Insurance Co. of North America, (2001) 90 Cal.App.4th 579 (argued as counsel for amicus);

(f) Norwest Mortgage, Inc. v. Superior Court, (1999) 72 Cal.App.4th;

(g) Rowland v. U.S. Dist. Court for Northern Dist. of California, 849 F.2d 380 (9th Cir. 1988);

(h) Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir. 1986); and

(i) Gardiner v. Sea-Land Service, Inc., 786 F.2d 943 (9th Cir. 1986).

6. In the course of my career, I have handled a number of other significant cases at the trial court level, including the following:

(a) Karahalios v. National Federal of Federal Employee, Local 1263, 489 U.S. 527 (1989) - action involving the scope of federal court jurisdiction over federal labor matters;

(b) United States v. PATCO, 524 F.Supp. 160 (D.D.C. 1981) - action to enjoin the air traffic controllers from engaging in a nationwide strike; and,

(c) United Presbyterian Church v. Reagan, et al., 738 F.2d 1375 (D.C. Cir. 1984) - action challenging the constitutionality of President Reagan's Executive Order redefining the scope of permissible intelligence activities by the CIA, NSA and FBI.

7. Throughout my career, I have been actively involved in a number of organizations seeking to promote the interests of consumers through public interest litigation. I was a founding member of the Stanford Public Interest Law Foundation in 1978 and in 1993 was

one of three original members named honorary members of its Board of Directors in recognition of the extent and duration of our support for the organization. For several years, I was a member of the Board of Directors of the San Francisco Trial Lawyers Association. I am also a former member of the Board of Governors of the Consumer Attorneys of California (formerly California Trial Lawyers Association), Disability Rights Advocates and the Public Justice Foundation. In 1993, I and seven other consumer attorneys from across the country founded the National Association of Consumer Advocates. The National Association of Consumer Advocates is a non-profit corporation formed in response to the belief that an organization of private and public sector attorneys, legal services attorneys, law professors and students, whose primary practice or interests involve the protection and representation of consumers, was needed. Its mission is to promote justice for all consumers by maintaining a forum for information-sharing among consumer advocates across the country and to serve as a voice for its members as well as consumers in the ongoing struggle to curb unfair and abusive business practices. It currently has approximately 1,800 members. I have served as Co-Chair of the National Association of Consumer Advocates and was a member of its Board of Directors for eight years. In addition, I was a member of the Board of Directors of the National Consumer Law Center for 10 years and currently serve on its Partners Council.

8. I am the Chair of the Board of Directors of the Public Citizen Foundation in Washington, D.C. and I am a member of the Board of Directors of Legal Services for Children in San Francisco, California.

9. I lecture frequently on various class action and consumer law issues. As an invited speaker, I have given presentations on class action matters at the American Bar Association's Class Action Institute, the American Association for Justice's Class Action Symposium, and the Practicing Law Institute's Consumer Financial Services Litigation Program. I have also spoken at annual conventions of the American Bar Association, the National Consumer Rights Litigation Conference, the annual convention of the State Bar of California, the annual convention of the Consumer Attorneys of California, the California Bankers

Association Conference, and the Banking Litigation Seminar of the Association of the Bar of the City of New York. My most recent speaking engagements include the following:

(a) "Living on the Fault Line: Class Action Issues in California," American Bar Association's Thirteenth Annual National Institute on Class Actions, San Francisco, California, November 20, 2009;

(b) "IPO, Hydrogen Peroxide, and the Evolving Standards of Proof for Class Certification," AAJ 2010 Annual Convention, Vancouver, Canada, July 13, 2010;

(c) "Fighting Back Against The Big Business Agenda," Consumer Rights Litigation Conference, Chicago, Illinois, November 5, 2011

(d) "Federal Preemption: Endangered Species After Dodd-Frank and Clearing House," Financial Services Litigation in the Era of Dodd-Frank, Phoenix, Arizona, November 11, 2011;

(e) "Wal-Mart v. Dukes – How Much of a Hazard to Class Certification in Financial Services Cases?" American Bar Association Consumer Finance Subcommittee Winter Meeting, Park City, Utah, January 9, 2012;

(f) "The Impact of Wal-Mart v. Dukes on the Class Certification Calculus," CAOC/SFTLA Sixth Annual Class Action Seminar, San Francisco, California, February 28, 2012;

(g) "The Implications of Downsizing Class Actions: Multi-District Litigation, Co-Counseling, Coordination," The Impact Fund's Tenth Annual Class Action Conference, Berkeley, California, March 2, 2012;

(h) "The Future of Class Actions," Bridgeport's Twelfth Annual Class Action Conference, Los Angeles, California, April 20, 2012;

(i) "Ethical Issues in Representing Multiple Plaintiffs," California Employment Lawyers Association 11th Annual Advanced Wage and Hour Seminar, Los Angeles, California, April 17, 2015;

(j) "Strength In Numbers: Ethical Issues In Class And Mass Actions," California State Bar Committee on Professional Responsibility and Conduct, Twentieth Annual Statewide Ethics Symposium, San Francisco, California, April 9, 2016; and

(k) "Ethical Issues Relating to Class Representatives," National Consumer Law Center Class Action Symposium, Anaheim, California, October 22, 2016.

10. I am a former member of the Editorial Board of the Consumer Financial Services Law Report and previously served on the Editorial Board of Class Action Reports for over 10 years. I have also written and published a number of articles on class action and consumer law issues, including: "The George Court Issues Surprising Endorsement of Class Action Device in

Linder v. Thrifty Oil," FORUM, January/February 2001, at 12 and "Kraus, Cortez and Future Battlegrounds In Representative Actions Under the Unfair Competition Law," FORUM, July/August 2000, at 33 (co-authored with Alan M. Mansfield). I also co-authored (with Kim Card) an article entitled "Recent Developments In California Law On Class Certification Issues," for the Consumer Attorneys of California 35th Annual Tahoe Seminar Consumer Remedies Program, at which I was a speaker, and an article entitled "California's Unfair Competition Law – The Structure and Use of Business and Professions Code §17200," for the Practicing Law Institute's Consumer Financial Services Litigation 2008 Program. In addition, I prepared an article entitled "The MDL Process" for presentations before the National Consumer Rights Litigation Conference and the Practicing Law Institute's Consumer Financial Services Litigation Program.

11. In the 37 years that I have been practicing law, I have spent the vast majority of my career litigating class action cases. I have had extensive experience handling such actions in both the federal and state courts. In April 2000, I successfully argued Linder v. Thrifty Oil, (2000) 23 Cal.4th 429 before the California Supreme Court, on behalf of amicus the Consumer Attorneys of California. Linder was the first decision on class certification issues decided by the California Supreme Court in nearly two decades. I was co-counsel for the plaintiff class in Washington Mutual Bank, F.A. v. Superior Court, (2001) 24 Cal.4th 906, in which the California Supreme Court defined the rules governing certification of nationwide classes in California. In addition, I was lead counsel for the plaintiffs and argued before the California Supreme Court in Olszeweski v. ScrippsHealth, (2003) 30 Cal.4th 798. I was also co-counsel for the plaintiff class in In re Tobacco Cases II (2007) 41 Cal.4th 1257.

12. In the course of my career, I have also served as lead or co-lead counsel in over 120 other class actions filed in courts around the country. I have extensive experience and expertise handling consumer class actions in federal and state court. Although most class actions settle prior to trial, I acted as co-counsel for the plaintiff class in a two-month federal court class action trial at which 65 witnesses testified and over 1,000 exhibits were introduced. I was also lead counsel for the plaintiff class in a successful class action trial in California state court.

1          13.     I have extensive experience and expertise in the field of consumer financial services litigation. For six years, I was the Co-Chair of the Practicing Law Institute's Consumer Financial Services Litigation Program in New York and San Francisco. I have been appointed lead or co-lead counsel for plaintiff classes in over 70 class actions filed against banks, credit card companies, automobile finance lenders and credit unions. I have successfully prosecuted consumer financial services class actions in state and federal courts across the country including <u>Richardson v. Wells Fargo Auto Finance Inc.</u>, San Francisco Superior Court, Case No. CGC-08-481662 ($232 million settlement achieved after the filing of motion of summary judgment), <u>Smith v. General Motors Acceptance Corporation</u>, Case No. 776152 (Santa Clara County Superior Court) ($105 million settlement achieved after trial); and <u>In Re Transouth Cases</u>, (Santa Clara County Superior Court) ($76 million settlement).

           14.     Unlike many plaintiffs' attorneys, I also have had substantial experience representing defendants in large scale class actions. I defended such cases both while I was with the United States Department of Justice and while in private practice. For example, I previously served as lead or co-counsel for the defendants in the following class actions:

                   (a)  <u>Alexandra v. Alamo</u> (Alameda Sup. Ct. No. 640832-9) - statewide class action challenging the price of collision damage waivers sold by a car rental company;

                   (b)  <u>Nosse, et al. v. Volkswagen of America, Inc.</u> (S.F. Sup. Ct. No. 780024) - statewide class action suit seeking damages allegedly resulting from a defective part in 1974-1979 Volkswagen manufactured vehicles; and

                   (c)  <u>Bernice Turbeville v. William Casey and Central Intelligence Agency</u> (E.D. Va. Civil Action No. 81-1058-A) - nationwide class action alleging sex discrimination in promotion, training and overseas assignments of the CIA's female operations officers.

           15.     I and my firm have received a number of honors and awards for our work. I have been A-V rated by Martindale-Hubbell for over 20 years. In 1994, I was selected to deliver the opening address at the National Consumer Rights Litigation Conference in recognition of my work on behalf of consumers challenging force placed insurances charges by lenders around the country. My firm was named Law Firm of the Year by the Los Angeles Center for Law & Justice

in 2001. I have been selected as a Northern California Super Lawyer on nine occasions. In 2006, the Bar Association of San Francisco honored me with its Champion of Justice Award. My firm received the Equal Justice Award from the Law Foundation of Silicon Valley in 2007. In March 2012, I received the Guardian of Justice Award from Bay Area Legal Aid. I was also named the Consumer Attorney of the Year Award from the National Association of Consumer Advocates in November 2013. Most recently, the National Consumer Law Center bestowed upon me the Vern Countryman Award in October 2016. The Award is presented annually at the National Consumer Rights Litigation Conference "to a legal services or other public interest attorney whose special contributions to the practice of consumer law have strengthened and affirmed the rights of low-income Americans." The Countryman Award is generally regarded as the pinnacle of achievement in the field of consumer law.

16. I periodically establish hourly rates for the billing personnel at our firm. I establish the rates based on prevailing market rates in the Bay Area for attorneys of comparable skills, experience, and qualifications. These are the non-contingent rates to be charged to paying clients. I obtain information concerning market rates from other plaintiff and defense attorneys in the area, from attorneys' fee applications and from information that occasionally appears in the local and national press. I have consulted with Richard Pearl, an expert on attorneys' fees issues including prevailing hourly rates. I have also reviewed the hourly rates charged by many other law firms in the San Francisco Bay Area.

17. I have extensive experience handling attorneys' fees applications. In the course of my career, I have prepared and argued scores of attorneys' fee applications in state and federal courts. In addition to representing my own firm and co-counsel in connection with such applications, I have separately represented a number of public interest organizations seeking attorneys' fee awards.

18. As a result of the foregoing, I am familiar with the hourly rates generally charged by litigators in the San Francisco Bay Area and, more specifically, by lawyers with skills, qualifications and experience similar to those of plaintiffs' counsel in this action.

DECLARATION OF MARK A. CHAVEZ IN SUPPORT OF MOTION FOR ATTORNEY'S FEES & COSTS   7
CASE NO. 5:15-cv-01743-BLF

## OPINIONS

19. My understanding is that plaintiffs are seeking an award of attorneys' fees in this matter based upon hourly rates of $550 for Will Kennedy, $525 for Elizabeth Lechter, $600 for David Humphreys and Luke Wallace.

20. I have reviewed the qualifications of each of these attorneys in connection with the preparation of this declaration. Moreover, I am personally familiar with the qualifications, skills and experience of Will Kennedy and Elizabeth Lechter as a result of having previously worked with them on other litigation matters. Although I have not worked with either David Humphreys or Luke Wallace, I am well aware of their national reputation of outstanding success in difficult and innovative consumer law litigation. As an experienced practitioner in the field of consumer law, I can attest to the excellent reputation and favorable standing of all four of these lawyers in the area of consumer litigation.

21. I have reviewed the Second Amended Complaint and the Court's Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment. I am fully aware from my personal experience that consumer cases against financial institutions, such as this one, can be difficult, risky, and time consuming. Large financial institutions have the resources to complicate and protract litigation and frequently do so. As a result, plaintiffs' counsel are often forced to expend hundreds, if not thousands, of hours litigating such cases from commencement through to conclusion.

22. Consumer attorneys, such as plaintiffs' counsel, who take on cases on a contingent fee basis rely on awards of attorneys' fees and costs in order to continue their work for the advancement of consumers' rights. These firms receive no compensation for their time or expenses invested over the course of years of litigation. If they do not prevail, they will receive no compensation whatsoever, and face the risk of significant financial loss. Although the claims in a consumer case may be meritorious, there is always a risk in every case taken on contingency that the case may ultimately prove to be unsuccessful, whether because issues of law or fact are later decided adversely to the plaintiff, because the facts cannot be proven, because of a procedural issue, or for any other number of reasons. It is the possibility of recovering a

substantial and fully compensatory fee award at the conclusion of a successful case that creates the necessary incentive for private attorneys to provide representation to cases such as this one. That is why fee-shifting provisions were enacted, and why it is an established and standard practice for attorneys who provide representation on a contingent basis to be awarded compensation in an amount greater than the standard hourly rate for pay-by-the-hour cases. In my opinion, it is critically important that courts award attorneys who take on consumer cases on contingency basis hourly rates that are reasonable and consistent with the hourly rates charged by other lawyers of similar qualifications, skills and experience.

23. On the basis of my experience and knowledge of billing practices in the San Francisco Bay Area, I can state that the hourly rates requested for plaintiffs' attorneys in this case are reasonable, appropriate and within the market range. They are entirely consistent with those charged by other Bay Area law firms -- including smaller firms like mine -- for lawyers of similar years of practice, background, and skill, who are knowledgeable and experienced in this type of case and comparable cases. The fee rates requested in plaintiffs' application are below those that Chavez & Gertler utilizes when we seek and receive awards for attorneys' fees. The 2017 hourly rates for attorneys in my firm are as follows:

**CHAVEZ & GERTLER LLP**

| Attorney | Class | Rate |
| --- | --- | --- |
| Mark A. Chavez | 1979 | $850 |
| Jonathan E. Gertler | 1983 | $825 |
| Nance F. Becker | 1981 | $750 |
| Christian Schreiber | 2006 | $625 |
| Sam Cheadle | 2010 | $465 |

I declare the foregoing under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of March, 2017, at Mill Valley, California.

Mark A. Chavez

DECLARATION OF MARK A. CHAVEZ IN SUPPORT OF MOTION FOR ATTORNEY'S FEES & COSTS
CASE NO. 5:15-cv-01743-BLF      9