1 | MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
2 | THOMAS N. ABBOTT (State Bar No. 245568)
tna@severson.com
3 | SEVERSON & WERSON
A Professional Corporation
4 | One Embarcadero Center, Suite 2600
San Francisco, California 94111
5 | Telephone: (415) 398-3344
Facsimile: (415) 956-0439
6 |
Attorneys for Defendants
7 | NATIONSTAR MORTGAGE LLC and WELLS
FARGO BANK, N.A. AS TRUSTEE FOR
8 | BANK OF AMERICA MORTGAGE
SECURITIES, INC. MORTGAGE PASS-
9 | THROUGH CERTIFICATES, SERIES 2006-A

10 |

UNITED STATES DISTRICT COURT

11 |

NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION

12 |

13 |

| | |
|---|---|
| JENNIFER CASTILLO and JASON CASTILLO, | Case No. 5:15-cv-01743-BLF |
| Plaintiffs, | **DEFENDANT NATIONSTAR MORTGAGE LLC'S RESPONSES TO PLAINTIFF JENNIFER CASTILLO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| vs. | |
| NATIONSTAR MORTGAGE LLC; WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR BANK OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A and DOES 1 through 100 inclusive, | Ctrm 3 – 5th Floor |
| | Action Filed:   March 19, 2015 |
| | Trial Date:   February 13, 2017 |
| Defendants. | |

23 | PROPOUNDING PARTY:        Plaintiff JENNIFER CASTILLO

24 | RESPONDING PARTY:        Defendant NATIONSTAR MORTGAGE LLC

25 | SET NO.:        ONE

26 |        Pursuant to Federal Rules of Civil Procedure, Rule 34, defendant Nationstar Mortgage LLC

27 | ("Nationstar") responds to plaintiff Jennifer Castillo's First Request for Production of Documents as

28 | follows:

1                                    **GENERAL OBJECTIONS**

2      1.      Nationstar objects to plaintiff's requests, and to each request contained therein, to the
3  extent that they purport to impose obligations on Nationstar greater than those imposed by the Federal
4  Rules of Civil Procedural. In responding to these requests, Nationstar will comply with its obligations
5  under the Federal Rules of Civil Procedure.

6      2.      Nationstar objects to the Requests, and to each request contained therein, to the extent
7  that it seeks documents which are not relevant to the claims and defenses of the parties. Plaintiffs are
8  not entitled to discover such documents as a matter of right, but must establish good cause for requir-
9  ing production of such documents, even if it relates to the subject matter of the litigation. FED. R. CIV.
10 P. 26(b)(1); *Thompson v. Department of Housing & Urban Develop.*, 199 FRD 168, 171 (D Md.
11 2001). Nationstar will limit its responses to the Requests which relate to the parties' claims and de-
12 fenses until such time as Plaintiffs demonstrate good cause for the production of additional docu-
13 ments.

14     3.      Nationstar objects to the Requests to the extent they purport to require it to produce
15 documents from sources that are not reasonably accessible because of undue burden or cost. FED. R.
16 CIV. P. 26(b)(2)(B).

17     4.      Nationstar objects to the Requests to the extent they seek documents neither relevant to
18 the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible
19 evidence, and are therefore unduly burdensome, overbroad and oppressive.

20     5.      Nationstar objects to the Requests to the extent they are compound and therefore undu-
21 ly burdensome and oppressive.

22     6.      Nationstar objects to plaintiff's requests, and to each request contained therein, to the
23 extent that they directly or indirectly seek the disclosure of documents which are protected by the at-
24 torney-client privilege, work product doctrine or any other applicable privilege, protection or immuni-
25 ty. Any disclosure of privileged information in its responses to these requests is unintentional and is
26 not intended, and shall not be deemed, a waiver of privilege by Nationstar

27     7.      Nationstar objects to plaintiff's requests, and to each request contained therein, to the
28 extent that they request the production of documents containing proprietary, private and/or sensitive,

1   or confidential information. Nationstar will not produce documents containing such information un-

2   less, and until, the court enters an appropriate protective order protecting such information from dis-

3   closure to third parties.

4        8.      Nationstar is continuing its investigation and makes these responses based on infor-

5   mation and documents it has obtained to date. Nationstar reserves the right to revise, correct, supple-

6   ment, or clarify any of these responses as may be warranted by Nationstar's ongoing investigation of

7   this action.

8        9.      Each of these responses and general objections is incorporated into Nationstar's re-

9   sponses to the individual requests set forth below, as if fully set forth therein.

10                              **SPECIFIC OBJECTIONS**

11       Nationstar hereby incorporates by reference each General Objection into each specific answer.

12   The specific answers may repeat a General Objection for emphasis or for some other reason.  The

13   failure to include any General Objection in the specific answer shall not be interpreted as a waiver of

14   any General Objection to that answer.

15                            **REQUESTS FOR PRODUCTION**

16   **REQUEST FOR PRODUCTION NO. 1:**

17       Produce all ESI and other DOCUMENTS related to the MORTGAGE ACCOUNT including:

18       (a)     YOUR collection and/or activity records or logs;

19       (b)     Servicing records and notes, including customer service, collection and foreclosure

20   software system records;

21       (c)     Print outs from electronic records and/or "screen shots" of any kind;

22       (d)     All emails, correspondence and/or other communications whether electronic or other-

23   wise;

24       (e)     All DOCUMENTS which reflect or relate to telephone communications with

25   PLAINTIFF or concerning PLAINTIFF, including recordings of all such telephone calls;

26       (f)     All DOCUMENTS which reflect or relate to visits YOU made to PLAINTIFF's home.

27       (g)     All records and DOCUMENTS, electronic or otherwise, pertaining to Defendant Wells

28   Fargo or any Trustee under the Deed of Trust during Nationstar's servicing of the account;

1      (h)     All investigation, information or DOCUMENTS related to any inquiry, analysis or re-

2 search into the MORTGAGE ACCOUNT and/or the PLAINTIFFS;

3      (i)     Payment history record of payments received and all transactions in any suspense or

4 escrow account related to the MORTGAGE ACCOUNT; and

5      (j)     YOUR loss mitigation activity records or logs.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7      Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and

8 oppressive when considered in conjunction with the 23 other requests contained in this set.  Indeed,

9 many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to

10 well over 24.  This number of requests is excessive considering the straightforward factual and legal

11 issues involved in this case, the needs of the case, and the amount in controversy.

12      Nationstar further objects to this request to the extent it seeks documents containing proprie-

13 tary, private and/or sensitive, or confidential information.  Nationstar will not produce documents con-

14 taining such information unless, and until, the court enters an appropriate protective order protecting

15 such information from disclosure to third parties.  Even upon entry of such protective order, Nation-

16 star will not disclose the confidential information of third parties.

17      Nationstar further objects to this request to the extent it seeks documents protected by the at-

18 torney-client privilege, work product doctrine or any other privilege, protection or immunity.

19      Nationstar further objects to this request as overly broad to the extent the request seeks all

20 electronically-stored information without reasonable particularity to allow an opportunity for appro-

21 priate objections.  FED. R. CIV. P. 34(b).

22      Nationstar further objects to this request on the ground that the term "screen shots" is vague

23 and ambiguous.

24      Notwithstanding the foregoing objections, Nationstar responds that it has produced a copy of

25 its Collection History Profile, LoanSphere BK/FC Notes, Detail Transaction History, and a spread-

26 sheet setting for all account activity, payments, reversals, and modification activity for the subject loan

27 and will produce its remaining loan file.

28 / / /

1 **REQUEST FOR PRODUCTION NO. 2:**

2      Produce all account statements for PLAINTIFFS" MORTGAGE ACCOUNT identified as Na-
3 tionstar Mortgage Loan Number 0614812790.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

5      Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
6 oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
7 many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
8 well over 24. This number of requests is excessive considering the straightforward factual and legal
9 issues involved in this case, the needs of the case, and the amount in controversy.

10      Nationstar objects to this request to the extent the term "account statements" is vague and am-
11 biguous.

12      Nationstar further objects to this request as seeking documents that are irrelevant. It is unclear
13 what relevance, if any, Nationstar's "account statements" would have to plaintiff's claims. Whatever
14 marginal relevance "account statements" might have is easily outweighed by the burden to Nationstar
15 of producing these materials.

16      Notwithstanding the foregoing objections, Nationstar responds that it has produced a copy of
17. its Collection History Profile, LoanSphere BK/FC Notes, Detail Transaction History, and a spread-
18 sheet setting for all account activity, payments, reversals, and modification activity for the subject loan
19 and will produce its remaining loan file.

20 **REQUEST FOR PRODUCTION NO. 3:**

21      Produce a key to all abbreviations used in the documents YOU disclose in response to Re-
22 quests Nos. 1 and 2, such as codes for letters, personnel, and activities.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

24      Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
25 oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
26 many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
27 well over 24. This number of requests is excessive considering the straightforward factual and legal
28 issues involved in this case, the needs of the case, and the amount in controversy.

1    Nationstar objects to this request to the extent the term "key" is vague and ambiguous.

2    Notwithstanding the foregoing objections, Nationstar responds that it has produced a copy of

3 its Collection History Profile, LoanSphere BK/FC Notes, Detail Transaction History, and a spread-

4 sheet setting for all account activity, payments, reversals, and modification activity for the subject loan

5 and will produce its remaining loan file.

6 **REQUEST FOR PRODUCTION NO. 4:**

7    Produce all DOCUMENTS which reflect payments made by PLAINTIFFS with respect to the

8 MORTGAGE ACCOUNT, including all payments which were returned by YOU to PLAINTIFFS.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10    Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and

11 oppressive when considered in conjunction with the 23 other requests contained in this set.  Indeed,

12 many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to

13 well over 24.  This number of requests is excessive considering the straightforward factual and legal

14 issues involved in this case, the needs of the case, and the amount in controversy.

15    Notwithstanding the foregoing objections, Nationstar responds that it has produced a copy of

16 its Collection History Profile, LoanSphere BK/FC Notes, Detail Transaction History, and a spread-

17 sheet setting for all account activity, payments, reversals, and modification activity for the subject loan

18 and will produce its remaining loan file.

19 **REQUEST FOR PRODUCTION NO. 5:**

20    Produce all DOCUMENTS on which YOU relied in claiming PLAINTIFFS owed property in-

21 spection fees, legal fees, late fees, or any other default —related fees between September 1, 2013 and

22 the present

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

24    Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and

25 oppressive when considered in conjunction with the 23 other requests contained in this set.  Indeed,

26 many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to

27 well over 24.  This number of requests is excessive considering the straightforward factual and legal

28 issues involved in this case, the needs of the case, and the amount in controversy.

1       Notwithstanding the foregoing objections, Nationstar responds that it has produced a copy of

2 its Collection History Profile, LoanSphere BK/FC Notes, Detail Transaction History, and a spread-

3 sheet setting for all account activity, payments, reversals, and modification activity for the subject loan

4 and will produce its remaining loan file.

5 **REQUEST FOR PRODUCTION NO. 6:**

6       Produce all DOCUMENTS on which YOU relied in claiming PLAINTIFF owed an escrow

7 shortage or deficiency after September 1, 2013.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

9       Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and

10 oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,

11 many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to

12 well over 24. This number of requests is excessive considering the straightforward factual and legal

13 issues involved in this case, the needs of the case, and the amount in controversy.

14       Notwithstanding the foregoing objections, Nationstar responds that it has produced a copy of

15 its Collection History Profile, LoanSphere BK/FC Notes, Detail Transaction History, and a spread-

16 sheet setting for all account activity, payments, reversals, and modification activity for the subject loan

17 and will produce its remaining loan file.

18 **REQUEST FOR PRODUCTION NO. 7:**

19       All DOCUMENTS which support the Tenth Affirmative Defense in the Answer to First

20 Amended Complaint filed on June 15, 2015, which states: "Plaintiffs are at fault with respect to the

21 matters alleged in the First Amended Complaint, and Plaintiffs' recovery, if any, should be barred or

22 reduced in proportion to Plaintiffs' comparative fault."

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

24       The Tenth Affirmative Defense is supported in part by a lack of documents. Specifically, the

25 lack of documents showing that YOU included, or notified, Nationstar regarding YOUR negotiation,

26 drafting, and consummation of the loan modification agreement that YOU entered into with Bank of

27 America ("BANA") *after* the subject loan service transferred to Nationstar. Further, a lack of docu-

28 ments to show that YOU made any attempt to notify BANA that YOU believe there is an issue regard-

1   ing implementation of the terms of the modification. To the extent documents exist to support the
2   Tenth Affirmative Defense, Nationstar has produced a copy of its Collection History Profile,
3   LoanSphere BK/FC Notes, Detail Transaction History, and a spreadsheet setting for all account activi-
4   ty, payments, reversals, and modification activity for the subject loan and will produce its remaining
5   loan file.

6   **REQUEST FOR PRODUCTION NO. 8:**

7           All DOCUMENTS which support the Twelfth Affirmative Defense in the Answer to First
8   Amended Complaint filed on June 15, 2015, which states: "Plaintiffs' claims are precluded because
9   Plaintiff's injuries, if any exist, resulted from a bona fide error, notwithstanding the maintenance of
10  reasonable procedures adapted to avoid such error."

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

12          The Twelfth Affirmative Defense is supported in part by a lack of documents. Specifically,
13  the lack of documents showing that YOU included, or notified, Nationstar regarding YOUR negotia-
14  tion, drafting, and consummation of the loan modification agreement that YOU entered into with
15  Bank of America ("BANA") *after* the subject loan service transferred to Nationstar. Further, a lack of
16  documents to show that YOU made any attempt to notify BANA that YOU believe there is an issue
17  regarding implementation of the terms of the modification. To the extent documents exist to support
18  the Twelfth Affirmative Defense, Nationstar has produced a copy of its Collection History Profile,
19  LoanSphere BK/FC Notes, Detail Transaction History, and a spreadsheet setting for all account activi-
20  ty, payments, reversals, and modification activity for the subject loan and will produce its remaining
21  loan file.

22  **REQUEST FOR PRODUCTION NO. 9:**

23          All DOCUMENTS which identify the persons who conducted any investigation YOU did in
24  response to any disputes made by PLAINTIFFS concerning the LOAN.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

26          Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
27  oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
28  many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to

1   well over 24. This number of requests is excessive considering the straightforward factual and legal

2   issues involved in this case, the needs of the case, and the amount in controversy.

3   Nationstar further objects to this request to the extent the documents requested are covered by

4   the attorney-client privilege or attorney-work product doctrine. This request would require Nationstar

5   to produce communications with its attorneys or its attorney's work-product which it will not do.

6   Nationstar further objects to this request on the ground that the term "disputes" is vague and

7   ambiguous.

8   Subject to, and without waiving, the foregoing objection(s) Nationstar has produced a copy of

9   its Collection History Profile, LoanSphere BK/FC Notes, Detail Transaction History, and a spread-

10  sheet setting for all account activity, payments, reversals, and modification activity for the subject loan

11  and will produce its remaining loan file.

12  **REQUEST FOR PRODUCTION NO. 10:**

13  All DOCUMENTS which set forth YOUR policies, practices or procedures for rejecting

14  monthly mortgage payments from borrowers, in effect after September 1, 2013.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

16  Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and

17  oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,

18  many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to

19  well over 24. This number of requests is excessive considering the straightforward factual and legal

20  issues involved in this case, the needs of the case, and the amount in controversy.

21  Nationstar objects to this request in that it seeks documents that are highly confidential and

22  proprietary. Nationstar offers to produce a witness to explain and interpret codes and abbreviations

23  that appear in the loan file upon receipt of a notice of deposition pursuant to Fed. R. Civ. P. 30.

24  Nationstar further objects to this request as overly broad because it is not relevant to a party's

25  claims or defenses. The express terms of the deed of trust securing the subject loan provide that Na-

26. tionstar may return any payment or partial payment if the payment or partial payments are insufficient

27  to bring the loan current.

28  Subject to, and without waiving, the foregoing objection(s) Nationstar has produced a copy of

1 | its Collection History Profile, LoanSphere BK/FC Notes, Detail Transaction History, and a spread-
2 | sheet setting for all account activity, payments, reversals, and modification activity for the subject loan
3 | and will produce its remaining loan file.

4 | **REQUEST FOR PRODUCTION NO. 11:**

5 | All DOCUMENTS exchanged with Veriprise Processing Solutions, LLC which relate to the
6 | MORTGAGE ACCOUNT.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8 | Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
9 | oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
10 | many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
11 | well over 24. This number of requests is excessive considering the straightforward factual and legal
12 | issues involved in this case, the needs of the case, and the amount in controversy.

13 | Nationstar further objects to this request in that it seeks documents that are irrelevant because
14 | Nationstar has rescinded the nonjudicial foreclosure commenced in February 2015. The only foreclo-
15 | sure related cause of action has since been dismissed. Documents exchanged between Nationstar and
16 | Veriprise (the foreclosure trustee) is irrelevant to the YOUR claims.

17 | Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:
18 | Nationstar has produced a copy of its Collection History Profile, LoanSphere BK/FC Notes, Detail
19 | Transaction History, and a spreadsheet setting for all account activity, payments, reversals, and modi-
20 | fication activity for the subject loan and will produce its remaining loan file.

21 | **REQUEST FOR PRODUCTION NO. 12:**

22 | Produce the Pooling and Servicing Agreement which includes, applies to, or governs
23 | PLAINTIFFS' MORTGAGE ACCOUNT.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

25 | Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
26 | oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
27 | many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
28 | well over 24. This number of requests is excessive considering the straightforward factual and legal

1  issues involved in this case, the needs of the case, and the amount in controversy.

2  Nationstar further objects to this request as overly broad because it is not relevant to a party's
3  claims or defenses.  Nationstar will not comply with this request.

4  **REQUEST FOR PRODUCTION NO. 13:**

5  Produce the Servicing Transfer Agreement between Bank of America, N.A and Nationstar un-
6  der which Nationstar began servicing PLAINTIFFS' LOAN.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8  Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
9  oppressive when considered in conjunction with the 23 other requests contained in this set.  Indeed,
10  many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
11  well over 24.  This number of requests is excessive considering the straightforward factual and legal
12  issues involved in this case, the needs of the case, and the amount in controversy.

13  Nationstar further objects to this request as overly broad because it is not relevant to a party's
14  claims or defenses.  Nationstar will not comply with this request.

15  **REQUEST FOR PRODUCTION NO. 14:**

16  Produce all DOCUMENTS conveyed from Bank of America, N.A. to Nationstar as part of the
17  servicing transfer, in the format and order in which they were conveyed.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

19  Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
20  oppressive when considered in conjunction with the 23 other requests contained in this set.  Indeed,
21  many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
22  well over 24.  This number of requests is excessive considering the straightforward factual and legal
23  issues involved in this case, the needs of the case, and the amount in controversy.

24  Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:
25  Nationstar has produced a copy of its Collection History Profile, LoanSphere BK/FC Notes, Detail
26  Transaction History, and a spreadsheet setting for all account activity, payments, reversals, and modi-
27  fication activity for the subject loan and will produce its remaining loan file.

28

1 | **REQUEST FOR PRODUCTION NO. 15:**

2 |       Produce all communications between any employee or agent of Bank of America, N.A., Na-
3 | tionstar and/or investor WELLS FARGO, including attorneys for the defendants in Castillo I, about
4 | the PLAINTIFFS, the MORTGAGE ACCOUNT, or 2013 Loan Modification.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

6 |       Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
7 | oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
8 | many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
9 | well over 24. This number of requests is excessive considering the straightforward factual and legal
10 | issues involved in this case, the needs of the case, and the amount in controversy.

11 |       Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:
12 | Nationstar has produced a copy of its Collection History Profile, LoanSphere BK/FC Notes, Detail
13 | Transaction History, and a spreadsheet setting for all account activity, payments, reversals, and modi-
14 | fication activity for the subject loan and will produce its remaining loan file.

15 | **REQUEST FOR PRODUCTION NO. 16:**

16 |       Produce all "Qualified Written Requests" or "Notices of Error" (pursuant to the Real Estate
17 | Settlement Procedures Act) which YOU received from William E. Kennedy.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

19 |       Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
20 | oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
21 | many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
22 | well over 24. This number of requests is excessive considering the straightforward factual and legal
23 | issues involved in this case, the needs of the case, and the amount in controversy.

24 |       Nationstar further objects to this request to the extent it assumes that one or more communica-
25 | tions from Mr. Kennedy to Nationstar constitutes a "Qualified Written Request" or "Notice of Error"
26 | and required a response.

27 |       Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:
28 | Nationstar has produced a copy of its Collection History Profile, LoanSphere BK/FC Notes, Detail

1  Transaction History, and a spreadsheet setting for all account activity, payments, reversals, and modi-

2  fication activity for the subject loan and will produce its remaining loan file.

3  **REQUEST FOR PRODUCTION NO. 17:**

4     Produce all responses to "Qualified Written Requests" or Notices of Error (pursuant to the Re-

5  al Estate Settlement Procedures Act) which YOU sent to William E. Kennedy.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7     Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and

8  oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,

9  many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to

10  well over 24. This number of requests is excessive considering the straightforward factual and legal

11  issues involved in this case, the needs of the case, and the amount in controversy.

12     Nationstar further objects to this request to the extent it assumes that one or more communica-

13  tions from Mr. Kennedy to Nationstar constitutes a "Qualified Written Request" or "Notice of Error"

14  and required a response.

15     Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:

16  Nationstar has produced a copy of its Collection History Profile, LoanSphere BK/FC Notes, Detail

17  Transaction History, and a spreadsheet setting for all account activity, payments, reversals, and modi-

18  fication activity for the subject loan and will produce its remaining loan file.

19  **REQUEST FOR PRODUCTION NO. 18:**

20     Produce all DOCUMENTS and electronic records upon which YOU relied to respond to

21  "Qualified Written Requests," "Notices of Error" or other written complaints which YOU received

22  from PLAINTIFFS or their counsel William E. Kennedy.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

24     Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and

25  oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,

26  many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to

27  well over 24. This number of requests is excessive considering the straightforward factual and legal

28  issues involved in this case, the needs of the case, and the amount in controversy.

1    Nationstar further objects to this request to the extent it assumes that one or more communica-
2  tions from Mr. Kennedy to Nationstar constitutes a "Qualified Written Request" or "Notice of Error"
3  and required a response.

4    Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:
5  Nationstar has produced a copy of its Collection History Profile, LoanSphere BK/FC Notes, Detail
6  Transaction History, and a spreadsheet setting for all account activity, payments, reversals, and modi-
7  fication activity for the subject loan and will produce its remaining loan file.

8  **REQUEST FOR PRODUCTION NO. 19:**

9    Produce all training manuals, employee manuals, protocols or other DOCUMENTS which
10  governed or guided Nationstar employees' or agents' response to "Qualified Written Requests" or
11  "Notices of Error" or other complaints by borrowers related to loan servicing from May 1, 2014 to the
12  present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

14    Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
15  oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
16  many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
17  well over 24. This number of requests is excessive considering the straightforward factual and legal
18  issues involved in this case, the needs of the case, and the amount in controversy.

19    Nationstar objects to this request in that it seeks documents that are highly confidential and
20  proprietary. Nationstar offers to produce a witness to explain and interpret codes and abbreviations
21  that appear in the loan file upon receipt of a notice of deposition pursuant to Fed. R. Civ. P. 30.

22    Nationstar further objects to this request in that it seeks documents not relevant to plaintiff's
23  claims. Under Regulation X's error resolution procedures Nationstar is required to respond in one of
24  two ways to a Notice of Error. It may either correct the alleged error and notify YOU of the correc-
25  tion, pursuant to 12 C.F.R. § 1024.35(e)(1)(i)(A), or to investigate and provide YOU with a written
26  notification stating its determination that no error occurred and a reason for that determination, along
27  with other information, pursuant to 12 C.F.R. § 1024.35(e)(1)(i)(B). Nationstar complied with these
28  requirements.

1  **REQUEST FOR PRODUCTION NO. 20:**

2      Produce all training manuals, employee manuals, protocols or other DOCUMENTS which
3  governed or guided Nationstar employees' or agents' treatment of escrow balances or demands for
4  escrow payments while implementing the 2013 LOAN MODIFICATION.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

6      Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
7  oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
8  many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
9  well over 24. This number of requests is excessive considering the straightforward factual and legal
10  issues involved in this case, the needs of the case, and the amount in controversy.

11      Nationstar objects to this request in that it seeks documents that are highly confidential and
12  proprietary. Nationstar offers to produce a witness to explain and interpret codes and abbreviations
13  that appear in the loan file upon receipt of a notice of deposition pursuant to Fed. R. Civ. P. 30

14      Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:
15  Nationstar has produced a copy of its Collection History Profile, LoanSphere BK/FC Notes, Detail
16  Transaction History, and a spreadsheet setting for all account activity, payments, reversals, and modi-
17  fication activity for the subject loan and will produce its remaining loan file.

18  **REQUEST FOR PRODUCTION NO. 21:**

19      All DOCUMENTS which reflect YOUR communications to Equifax, Experian, Trans Union,
20  or any other credit reporting agency about PLAINTIFFS or their LOAN.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

22      Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
23  oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
24  many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
25  well over 24. This number of requests is excessive considering the straightforward factual and legal
26  issues involved in this case, the needs of the case, and the amount in controversy.

27      Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:
28  Nationstar has produced a copy of its Collection History Profile, LoanSphere BK/FC Notes, Detail

1 | Transaction History, and a spreadsheet setting for all account activity, payments, reversals, and modi-
2 | fication activity for the subject loan and will produce its remaining loan file.

3 | **REQUEST FOR PRODUCTION NO. 22:**

4 |      All DOCUMENTS including but not limited to Automated Consumer Dispute Verification
5 | forms (ACDVs) which YOU received from or provided to any consumer reporting agency (such as
6 | Experian, Equifax, or Trans Union) which relate to the LOAN.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

8 |      Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
9 | oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
10 | many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
11 | well over 24. This number of requests is excessive considering the straightforward factual and legal
12 | issues involved in this case, the needs of the case, and the amount in controversy.

13 |      Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:
14 | Nationstar has produced a copy of its Collection History Profile, LoanSphere BK/FC Notes, Detail
15 | Transaction History, and a spreadsheet setting for all account activity, payments, reversals, and modi-
16 | fication activity for the subject loan and will produce its remaining loan file.

17 | **REQUEST FOR PRODUCTION NO. 23:**

18 |      All DOCUMENTS which YOU reviewed during the course of any investigation YOU con-
19 | ducted in response to receiving any Automated Consumer Dispute Verification forms from Equifax,
20 | Experian or Trans Union with respect to the LOAN.

21 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

22 |      Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and
23 | oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,
24 | many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to
25 | well over 24. This number of requests is excessive considering the straightforward factual and legal
26 | issues involved in this case, the needs of the case, and the amount in controversy.

27 |      Subject to, and without waiving, the foregoing objection(s), Nationstar responds as follows:
28 | Nationstar has produced a copy of its Collection History Profile, LoanSphere BK/FC Notes, Detail

11951.0598/4622451.3           16           5:15-cv-01743-BLF

1 Transaction History, and a spreadsheet setting for all account activity, payments, reversals, and modi-

2 fication activity for the subject loan and will produce its remaining loan file.

3 **REQUEST FOR PRODUCTION NO. 24:**

4       All policies and procedures YOU used from September, 2013 to the present for complying

5 with California Civil Code §§ 2924.11 and 2924.17.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

7       Nationstar objects to this request on the ground that it is overly broad, unduly burdensome and

8 oppressive when considered in conjunction with the 23 other requests contained in this set. Indeed,

9 many of plaintiff's 24 requests include numerous subparts that bring the true number of requests to

10 well over 24. This number of requests is excessive considering the straightforward factual and legal

11 issues involved in this case, the needs of the case, and the amount in controversy.

12       Nationstar objects to this request in that it seeks documents that are highly confidential and

13 proprietary. Nationstar offers to produce a witness to explain and interpret codes and abbreviations

14 that appear in the loan file upon receipt of a notice of deposition pursuant to Fed. R. Civ. P. 30.

15       Nationstar objects to this request on the grounds that it exceeds permissible discovery. See

16 Fed. R. Civ. P. 26(b)(1). Nationstar rescinded the notice of default and plaintiffs dismissed the only

17 cause of action premised on these two code sections. Discovery as to these statutes is not relevant to

18 any party's claim or defense under the first amended complaint. Nationstar will not produce any doc-

19 uments in response to this request.

20 DATED:  September 8, 2015          SEVERSON & WERSON
                                      A Professional Corporation

21

22

23                                    By:  _____

24                                              Thomas N. Abbott

25                                    Attorneys for Defendants NATIONSTAR MORTGAGE
                                      LLC and WELLS FARGO BANK, N.A. AS TRUSTEE
26                                    FOR BANK OF AMERICA MORTGAGE SECURITIES,
                                      INC. MORTGAGE PASS-THROUGH CERTIFICATES,
27                                    SERIES 2006-A

28

1          **VERIFICATION**

2          I have read the foregoing NATIONSTAR MORTGAGE LLC'S RESPONSES TO

3    PLAINTIFF JENNIFER CASTILLO'S FIRST SET OF REQUESTS FOR PRODUCTION OF

4    DOCUMENTS and know its contents.

5          I am Vice President of NATIONSTAR MORTGAGE LLC, a party to this action, and am au-

6    thorized to make this verification for and on its behalf, and I make this verification for that reason. I

7    am informed and believe and on that ground allege that the matters stated in the foregoing document

8    are true.

9          I declare under penalty of perjury under the laws of the State of California that the foregoing is

10   true and correct.

11         Executed on September    , 2015, at Coppell, Texas.

12

13
     A.J. Loll
14   Print Name of Signatory                    Signature

15

16
                                        A. J. Loll, Vice President
17                                      Nationstar Mortgage LLC

18

19

20

21

22

23

24

25

26

27

28

1          **PROOF OF SERVICE**

2          At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is One Embarcadero Center,

3     Suite 2600, San Francisco, CA 94111.

4          On September 8, 2015, I served the original and true copies of the following document(s):

5     **DEFENDANT NATIONSTAR MORTGAGE LLC'S RESPONSES TO PLAINTIFF JENNIFER CASTILLO'S FIRST SET OF REQUESTS FOR PRODUCTION OF**

6     **DOCUMENTS**

7     on the interested parties in this action as follows:

8     William E. Kennedy, Esq.                          Attorneys for Plaintiffs Jennifer Castillo and
      Consumer Law Office of William E. Kennedy         Jason Castillo

9     2797 Park Avenue, Suite 201
      Santa Clara, CA 95050                             Tel: (408) 241-1000

10    **[served the original]**                         Fax: (408) 241-1500
                                                        Email: wkennedy@kennedyconsumerlaw.com

11
      Elizabeth S. Letcher, Esq.                        Attorneys for Plaintiffs Jennifer Castillo and

12    Law Offices of Elizabeth S. Letcher               Jason Castillo
      60 29th Street, No. 221

13    San Francisco, CA 94110                           Tel: (415) 643-4755
                                                        Fax: (415) 738-5400

14                                                      Email: elizabeth@elizabethletcher.com

15         **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List.  I placed the envelope or package

16    for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

17
           I declare under penalty of perjury under the laws of the United States of America that the fore-

18    going is true and correct.  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19
           Executed on September 8, 2015, at San Francisco, California.

20

21

22                                                      Tipper N. Llaguno

23

24

25

26

27

28