# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER CASTILLO, et al.,<br>Plaintiffs,<br>v.<br>NATIONSTAR MORTGAGE LLC, et al.,<br>Defendants. | Case No. 15-cv-01743-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Re: ECF 118] |

Plaintiffs Jennifer and Jason Castillo filed this suit in the Santa Clara County Superior Court in March 2015, seeking to prevent foreclosure on their home and to recover damages for the alleged mishandling of their home mortgage loan. Defendants are Nationstar Mortgage, LLC, the loan servicer, and Wells Fargo Bank, N.A., the trustee for the securitized trust which allegedly owned the mortgage and note at issue. Following removal of the action to federal district court and a year and a half of contentious litigation, the parties reached settlement. The Castillos now seek statutory attorneys' fees and costs.[1] Their motion is GRANTED IN PART AND DENIED IN PART for the reasons discussed below.

## I. BACKGROUND

In 2009, the Castillos submitted an application for a modification of their home mortgage loan to Bank of America, which was the loan servicer at the time. A dispute arose regarding the modification process, which the Castillos and Bank of America settled. Letcher Decl. ¶ 5, ECF 123. As part of the settlement, Bank of America agreed to the loan modification. *Id.* However, before the loan modification was finalized, Bank of America transferred the loan to Nationstar. *Id.*

---

[1] The Castillos assert that a provision in the note provides an alternate basis for an award of attorneys' fees. *See* Pls.' Motion at 2 n.1, ECF 118. Because they are entitled to reasonable attorneys' fees and costs under applicable statutes, the Court need not address the Castillos' alternate theory of entitlement to fees under a contractual provision in the note.

1 Nationstar, the new loan servicer, agreed to honor the loan modification. *Id.* The Castillos

2 submitted monthly payments under the terms of the loan as modified. *Id.* ¶ 6.

### Nationstar's Errors

Nationstar erred in its implementation of the loan modification. Letcher Decl. ¶ 6, ECF 123. In 2014, it improperly charged the Castillos thousands of dollars in escrow and legal fees, raised the Castillos' monthly mortgage payment from approximately $3,000 per month to approximately $5,000 per month, rejected the Castillos' loan payments, and asserted that the Castillos were in default. *Id.* The Castillos, through counsel, attempted to resolve the issue over the next 9 months, but they were unsuccessful. *Id.* ¶ 7. In January 2015, Nationstar claimed that the Castillos were $41,000 overdue on their mortgage. *Id.* In February 2015, Nationstar acknowledged its errors in a letter to the Castillos' counsel. *Id.* ¶ 8. Nationstar nonetheless failed to correct the Castillos' account, continued to overbill them, and instituted foreclosure proceedings. *Id.*

### This Lawsuit and Defendants' Motion to Dismiss

The Castillos filed this lawsuit in state court on March 19, 2015, asserting state common law claims for breach of contract and negligence; violations of state statutes, including the Homeowner Bill of Rights, the Rosenthal Fair Debt Collection Practices Act, the Consumer Credit Reporting Act, and the Unfair Competition Law; and violations of federal statutes, including the Real Estate Settlement Procedures Act and Fair Credit Reporting Act. Compl., Exh. A to Notice of Removal, ECF 1. Shortly thereafter, Defendants removed the action to federal district court and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that the complaint should be dismissed with prejudice for failure to state a claim. Defs.' MTD, ECF 16. The Castillos amended their pleading in response to the motion, filing a first amended complaint ("FAC") which omitted the claim under the Homeowner Bill of Rights and added factual allegations to support the other claims. FAC, ECF 18. Defendants answered the FAC on June 15, 2015. Answer, ECF 19. While Defendants admitted the key factual allegations of the FAC, they asserted twelve affirmative defenses and requested that the Castillos take nothing by their suit and that Defendants be awarded costs and attorneys' fees. *Id.*

United States District Court
Northern District of California

### Discovery

The Castillos spent the next year and a half pursuing discovery, attempting among other things to obtain basic information such as what Defendants claimed that they owed and how Defendants had calculated those amounts. Letcher Decl. ¶¶ 18-30, ECF 123. Nationstar claimed that documents did not exist but then later produced them. *Id.* ¶¶ 34-39. Nationstar also repeatedly reapplied payments on the Castillos' mortgage without explaining to them what it was doing. *Id.* ¶ 16. The Castillos sent Nationstar five notices of error between May 2015 and May 2016, most of which Nationstar ignored. *Id.* ¶ 17. The Castillos ultimately propounded five sets of discovery requests, and the parties submitted four joint discovery letters to Magistrate Judge Cousins. *Id.* ¶¶ 44-46. Judge Cousins' rulings on the discovery disputes were split, with some issues being resolved in the Castillos' favor and others in Defendants' favor. *See* Judge Cousins' Orders, ECF 40, 58, 73. The parties also took depositions. Letcher Decl. ¶¶ 49-53, ECF 123.

### Second Amended Complaint

In April 2016, the Castillos sought leave to file a second amended complaint ("SAC"), seeking among other things to add additional facts and claims based on information learned in discovery. *See* Pls.' Motion to Amend, ECF 45. Defendants opposed the motion. *See* Defs.' Opposition, ECF 48. Following completion of briefing on the motion, and after hearing oral argument, the Court granted the Castillos leave to amend. *See* Order Granting Plaintiffs' Motion to Amend Complaint, ECF 60. The Castillos filed their SAC on August 12, 2016. *See* SAC, ECF 61.

### The Castillos' Motion for Partial Summary Judgment

The Castillos moved for partial summary judgment in October 2016, seeking to establish liability under their first and second claims, for breach of contract and violation of the Rosenthal Act respectively, and as to certain defenses. Motion for Partial Summary Judgment, ECF 76. In November 2016, after completion of the briefing and oral argument, the Court granted partial summary judgment for the Castillos as to liability on the contract and Rosenthal Act claims. Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment, ECF 93. The Court denied partial summary judgment as to defenses. *Id.*

3

Trial Preparation and Settlement

Starting in late November 2016, the Castillos' counsel began preparing for trial, which was set for February 13, 2017 with pretrial filings due in mid-January 2017. Letcher Decl. ¶ 76, ECF 123. On January 11, 2017, the parties reached settlement after participating in a two-day Magistrate Judge Settlement Conference with Magistrate Judge Cousins. *See* Minute Entries, ECF 100-01. While the settlement agreement required Defendants to pay the Castillos $250,000 by February 10, 2017, Nationstar demanded that the Castillos first dismiss the action. Letcher Decl. ¶ 79, ECF 123. The dispute necessitated further sessions with Magistrate Judge Cousins. *See* Minutes, ECF 104, 108, 109, 113. On March 3, 2017, the Court approved the parties' stipulation for dismissal of the action with prejudice. *See* Stipulation and Order, ECF 115. The Court retained jurisdiction to hear a motion for attorneys' fees and costs. *Id.*

**II. DISCUSSION**

The statutes under which the Castillos sued Defendants mandate an award of reasonable attorneys' fees and costs to the prevailing party. *See* Rosenthal Act, Cal. Civ. Code § 1788.30(c) (providing that "the prevailing party shall be entitled to costs of the action" and that "[r]easonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor"); RESPA, 12 U.S.C. § 2605(f)(3) (providing that "[w]hosoever fails to comply" with the statute "shall be liable to the borrower" for "the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances"); Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.31(d) (providing that prevailing plaintiffs "shall be entitled to recover court costs and reasonable attorney's fees"); Fair Credit Reporting Act, 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2) (providing for award of costs and reasonable attorneys' fees to the prevailing party).

The Castillos obtained partial summary judgment of liability on the Rosenthal Act claim, and the parties settled the remaining claims. The Court therefore has no difficulty concluding, and Defendants do not dispute, that the Castillos are prevailing parties. The crux of the parties' dispute is whether the attorneys' fees and costs requested by the Castillos are "reasonable."

In their moving papers, the Castillos requests attorneys' fees in the amount of $790,993.75

and costs in the amount of $30,978.24. In their reply, the Castillos request an additional $15,827.50 for preparing the reply. All told, the Castillos request $806,821.25 in attorneys' fees and $30,978.24 in costs. *See* Reply at 5 n. 6, ECF 128. Defendants contend that the requested fees are unreasonable, and they ask the Court to award no more than $374,344.94 in total attorneys' fees and costs combined.

### A. Lodestar Method

Courts in the Ninth Circuit determine reasonable attorneys' fees using the lodestar method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (internal quotation marks and citation omitted). The party seeking attorneys' fees bears the burden of demonstrating that the rates requested "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 980. Generally, "the relevant community is the forum in which the district court sits." *Id.* at 979. Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *Id.* at 980 (internal quotation marks, citation, and brackets omitted). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Id.* (internal quotation marks and citation omitted).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho*, 523 F.3d at 978 (internal quotation marks and citation omitted). For example, "a district court may reduce attorneys' fees by a percentage, so long as the court sets forth clear and concise reasons for adopting this approach." *Id.* at 982. The Ninth Circuit has recognized that "percentages indeed are acceptable, and perhaps necessary, tools for district courts fashioning reasonable fee awards." *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992). However, the district court may not impose an arbitrary percentage reductions – the

court must offer "some explanation for the precise reduction chosen." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001).

### B. Hourly Rates

Plaintiffs were represented by four attorneys in this matter: (1) William E. Kennedy, Consumer Law Office of William E. Kennedy; (2) Elizabeth S. Letcher, Law Offices of Elizabeth S. Letcher; (3) Robert David Humphreys, Humphreys, Wallace, Humphreys, P.C.; and (4) Lucius James Wallace, Humphreys, Wallace, Humphreys, P.C. Mr. Kennedy and Ms. Letcher represented the Castillos in the earlier lawsuit against Bank of America which gave rise to the loan modification which Nationstar failed to honor. Letcher Decl. ¶¶ 4-5, ECF 123. Mr. Kennedy then represented the Castillos in their pre-suit efforts to resolve Nationstar's mishandling of their mortgage loan. *Id.* ¶¶ 7-10. Ms. Letcher joined Mr. Kennedy as co-counsel when the complaint in this action was being prepared. *Id.* Mr. Kennedy and Ms. Letcher litigated the case until the eve of trial. However, approximately two months before the scheduled trial date of February 13, 2016, trial specialists Mr. Humphreys and Mr. Wallace joined the team. *Id.* ¶ 85.

Mr. Kennedy requests an hourly rate of $550.00. Kennedy Decl. ¶ 3, ECF 120. He has practiced law for more than 25 years, primarily in the areas of credit reporting, unfair debt collection practices, and other consumer issues. *Id.* ¶ 9. He has extensive experience litigating class action and individual lawsuits in these areas. *Id.* ¶¶ 10-12. In 2012 and 2013 he was awarded an hourly rate of $475.00 in Napa County Superior Court and Santa Clara County Superior Court. *Id.* ¶ 8.

Ms. Letcher requests an hourly rate of $525.00. Letcher Decl. ¶ 87, ECF 123. She has more than 20 years of experience in complex federal litigation, and extensive experience in the areas of mortgage servicing and debt collection. *Id.* ¶¶ 87-88. She was awarded an hourly rate of $500.00 for work done in 2012-2014 in Alameda County, and an hourly rate of $425.00 for work done in the Eastern District of Missouri in 2015. *Id.* ¶¶ 92-93.

Both Mr. Humphreys and Mr. Wallace, who are law partners at a firm in Oklahoma, request an hourly rate of $600.00. Humphreys Decl. ¶ 12, ECF 121; Wallace Decl. ¶ 11, ECF 122. Mr. Humphreys has practiced law for 29 years. Humphreys Decl. ¶ 1. Since 1994, he has focused

1 his practice on consumer protection cases, and he has been recognized nationally as a consumer
2 protection trial lawyer. *Id.* ¶ 2. Mr. Wallace has practiced law for 22 years. Wallace Decl. ¶ 1,
3 ECF 122. He is a nationally recognized trial lawyer, and he has participated in dozens of trials and
4 settlements involving debt collection abuse, identity theft, auto fraud, and mortgage fraud, and
5 wrongful foreclosure. *Id.* ¶ 2.

Courts in this district have found rates in the range of those proposed by the Castillos to be reasonable for highly experienced attorneys. *See, e.g., Gonzales v. City of San Jose*, No. 13-cv-00695-BLF, 2016 WL 3011791, at *4 (N.D. Cal May 26, 2016) (surveying rates); *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 591-92 (N.D. Cal. 2015) ("In the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240."); *Martell v. Baker*, No. 14-cv-04723-BLF, 2015 WL 3920056, at *2 (N.D. Cal. June 25, 2015) (approving $500 rate for a San Jose consumer credit attorney with 17 years' experience). Moreover, the Castillos submit the declaration of an experienced consumer rights advocate, Mark A. Chavez, who supports their rate requests. Chavez Decl., ECF 119. The requested rates are consistent with the 2015-2018 Laffey Matrix rates for attorneys with the same level of experience. *See* https://www.justice.gov/usao-dc/file/796471/download (accessed December 15, 2017).

Defendants do not mount any serious challenge to the requested rates. They address the reasonableness of counsel's rates only in a footnote, in which they assert that the requested rates are unreasonable because the same attorneys charged lower rates 18 months ago in connection with another case, *May v. Nationstar Mortgage, LLC*, No. 4:14cv0578 TCM, 2015 WL 9185408 (E.D. Mo. Dec. 17, 2015). Defendants fail to mention that *May* was litigated in the Eastern District of Missouri, and they offer no evidence that the hourly rates prevailing in Missouri are comparable to the hourly rates in the Bay Area.

The Court concludes that the Castillos have established that the hourly rates requested by their attorneys are reasonable, and that Defendants have failed to present evidence showing that the rates are unreasonable.

**C. Hours Expended**

While each of the Castillos' attorneys describe their work on the case in their own declarations, Mr. Kennedy's declaration includes a chart summarizing work done per task. That chart is reproduced below for the sake of convenience, modified so that the tasks are numbered.

| | E. Letcher | | W. Kennedy | | Humphreys/ Wallace | | Total | |
|---|---|---|---|---|---|---|---|---|
| | Hrs. | $ | Hrs. | $ | Hrs. | $ | Hrs. | $ |
| (1) Dispute/ Complaint | 6.7 | 3,412.50 | 44.9 | 24,365 | 0 | 0 | 51.6 | 27,777.50 |
| (2) Motion to Dismiss and First Am. Complaint | 18.9 | 9,266.25 | 6.7 | 2,942.50 | 0 | 0 | 25.6 | 12,208.75 |
| (3) Discovery | 342.0 | 172,620 | 301.3 | 150.810 | 0 | 0 | 643.3 | 323,430.00 |
| (4) Accounting | 39.9 | 19,766.25 | 14.5 | 5,967.50 | 0 | 0 | 54.4 | 25,733.75 |
| (5) Miscell. | 47.8 | 20,790.00 | 57.1 | 28,022.50 | 0 | 0 | 104.9 | 48,812.50 |
| (6) Second Amended Complaint and Motion | 34.8 | 17,062.50 | 17.8 | 9,597.50 | 0 | 0 | 52.6 | 26,660.00 |
| (7) Summary Adjudication Motion/ Hardship Defense | 145.0 | 74,655.00 | 74.6 | 40,122.50 | 0 | 0 | 219.6 | 114,777.50 |
| (8) Trial Preparation | 84.3 | 41,580.00 | 53.1 | 26,620 | 52.4 | 30,060 | 189.8 | 98,260.00 |
| (9) Settlement/ Mediation | 35.3 | 16,012.50 | 40.6 | 22,000 | 27.5 | 15,810 | 103.4 | 53,822.50 |
| (10) Post-Settlement Disputes | 0 | 0 | 38.3 | 20,817.5 | 4.4 | 1,890 | 42.7 | 22,707.50 |
| (11) Fee Med./ Fee Motion | 30.4 | 15,776.25 | 34.2 | 18,177.50 | 5.3 | 2,850 | 69.9 | 36,803.75 |
| **Totals** | **785.1** | **390,941.25** | **683.1** | **349,442.50** | **89.6** | **50,610** | **1557.8** | **790,993.75** |

The Court separately addresses each of these 11 categories of tasks, below. The chart does not reflect 22.5 hours that Mr. Kennedy spent, and 7.1 hours that Ms. Letcher spent, in preparing the Castillos' reply on the present motion. *See* Kennedy Reply Decl. ¶ 33, ECF 129; Letcher Reply Decl. ¶ 7, ECF 130. The hours spent on the reply are treated as a 12th category of task in the following discussion.

**(1)    Pre-Suit Dispute and Preparation of Complaint (51.6 Hours)**

The Castillos request $27,777.50 for 51.6 hours spent on pre-suit efforts to resolve the dispute and the preparation of the complaint. Mr. Kennedy spent 25.1 hours on pre-suit legal analysis, research, and sending five RESPA Notices of Error over the course of nine months in an effort to resolve Nationstar's mishandling of the Castillos' mortgage. Letcher Decl. ¶ 10, ECF 123. Mr. Kennedy spent another 19.8 hours preparing the complaint. *Id.* Ms. Letcher was brought into the case once it become apparent that the Castillos would have to file suit. Letcher Decl. ¶ 10, ECF 10. She seeks 6.7 hours for time spent helping to prepare the complaint. *Id.*

Defendants challenge these hours on the basis that it was unreasonable "to have run up 51.6 hours writing five notices of error." Defs.' Opposition at 9, ECF 127. Defendants mischaracterize the 51.6 hours, which counsel explains were spent not only on the five RESPA Notices of Error, but on legal research and analysis and preparation of the complaint.

The Court concludes that 51.6 hours were reasonably incurred in attempting to resolve Nationstar's errors over the course of nine months and in preparing the complaint. Accordingly, the Court will award the Castillos attorneys' fees in the amount of $27,777.50 for this category.

**(2)    Motion to Dismiss and First Amended Complaint (25.6 Hours)**

The Castillos seek $12,208.75 for 25.6 hours spent amending the complaint in response to Defendants' motion to dismiss. Ms. Letcher spent 18.9 hours, and Mr. Kennedy spent 6.7 hours, on this task. Letcher Decl. ¶ 13, ECF 123. Defendants argue that hours claimed for this task are excessive, asserting that if the motion to dismiss was as meritless as the Castillos contend, it should have taken their lawyers "little time" to file an amended pleading. Defs.' Opposition at 10, ECF 127. Defendants' argument is not persuasive given that their motion to dismiss separately attacked each of the eight claims asserted in the complaint, requesting dismissal of those claims

9

without leave to amend and dismissal of the action with prejudice. *See* Defs.' Motion to Dismiss, ECF 16.

The Court finds that 25.6 hours reasonably were incurred in evaluating Defendants' motion to dismiss and amending the Castillos' complaint to address the asserted deficiencies. The Court will award the Castillos attorneys' fees in the amount of $12,208.75 for this category.

### (3) Discovery (643.3 Hours)

The Castillos ask for $323,430.00 for 643.3 hours devoted to discovery. The discovery was conducted by two senior attorneys, with Ms. Letcher spending 342 hours and Mr. Kennedy spending 301.3 hours, on this category of tasks. Letcher Decl. ¶ 56, ECF 123. A review of the record reveals that discovery was extensive and sprawling. The Castillos propounded five sets of discovery, containing several dozen document requests, interrogatories, and requests for admission ("RFAs"). Letcher Decl. ¶ 46, ECF 123; Pierce Decl. ¶¶ 24. In response, Defendants produced 6,571 pages.[2] Letcher Decl. ¶ 32. The Castillos also deposed 7 of Defendants' employees over 10 days and across 5 states. Pierce Decl. ¶ 25. When all was said and done, the Castillos provided court-ordered declarations estimating their actual damages to be $100 each and their emotional distress damages to be $500,000 each. Jason Castillo Damages Decl., Exh. M-2 to Abbott Decl., ECF 127-3; Jennifer Castillo Damages Decl., Exh. M-3 to Abbott Decl., ECF 127-3. The case settled for $250,000. Letcher Decl. ¶¶ 77-79, ECF 123.

Defendants ask the Court to reduce the attorneys' fees requested for this category by 75%, claiming that discovery was excessive given that Nationstar admitted fault early in the case and the Castillos' combined actual damages were only $200. *See* Pierce Decl. ¶¶ 42, 53-56. Defendants also assert duplication of effort by the Castillos' attorneys and note that Defendants' attorneys billed far fewer hours for similar tasks. *See id.* ¶¶ 40, 57-62. The Castillos state that they already have shaved off hours that were duplicative, for example by eliminating hours for a

---

[2] There appears to be a dispute between the parties as to the number of discovery requests propounded by the Castillos and the number of documents produced by Defendants. *Compare* Letcher Decl. ¶¶ 46 & 32 *with* Pierce Decl. ¶¶ 24 & 27. For the sake of simplicity the Court has accepted the Castillos' figures. Whatever the precise numbers of discovery requests and documents produced, it is clear from this record that discovery was extensive.

10

second attorney's attendance at all depositions other than the Rule 30(b)(6) deposition of A.J. Loll. Letcher Decl. ¶ 86, ECF 123. The Castillos' attorneys also cut their hours to avoid compensation for duplicate efforts – Ms. Letcher cut her time by more than 100 hours while Mr. Kennedy cut his by 50 hours. Letcher Decl. ¶ 86, ECF 123; Kennedy Decl. ¶ 4, ECF 120. Finally, the Castillos contend that although Nationstar admitted to accounting mistakes early in the litigation, it never conceded liability, and the discovery in question was made necessary by Defendants' own conduct throughout the litigation.

While the Castillos' arguments are well-taken to some degree, the Court concludes that, overall, discovery did exceed reasonable limits. Noting the skill and experience that Mr. Kennedy and Ms. Letcher brought to this case, the Court would have expected a far greater economy of effort to be evident. Although the Court is not is a position to determine that any specific deposition or discovery request was unnecessary, it seems clear that there was insufficient effort devoted to an overall strategy for discovery and a recalibration of effort as discovery responses were received. For example, the Court would have expected that given the sheer number of RFAs propounded, Defendants' responses might have provided a basis for consolidating or even eliminating one or more of the seven depositions of Defendants' employees. There is no indication that the Castillos' counsel considered such economies. On this basis a reasonable reduction in fees is called for.

Turning to the question of what would be reasonable, Defendants' request for a 75% reduction is utterly unsupported by the evidence or even cogent argument. The Court finds no evidence in the record to support Defendants' accusation that the Castillos' counsel deliberately delayed resolution of this case in order to run up their fees through unnecessary discovery. Defendants' own conduct, including commencing foreclosure proceedings while claiming to have admitted its mistakes, and refusing to give the Castillos a straight answer as to what monies were owed (discussed below), contributed to the need for thorough discovery. While recognizing that need, however, and acknowledging the hours voluntarily cut by the Castillos' counsel, the Court nonetheless concludes that the hours expended on discovery were excessive. The Court therefore reduces the fees in this category by 25%, deducting $80,557.50 from the requested fees of

1  $323,430.00.

2  The Court will award the Castillos $242,872.50 in reasonable attorneys' fees for this

3  category.

### (4) Accounting (54.4 Hours)

The Castillos seek $25,733.75 for 54.4 hours which their lawyers spent trying to understand Nationstar's shifting accounting over the course of the litigation. Ms. Letcher spent 39.9 hours, and Mr. Kennedy spent 14.5 hours, on this task. Ms. Letcher devotes 18 paragraphs of her declaration to explaining the difficulties caused by Nationstar's refusal to simply provide a clear statement of the amounts it asserted were due on the Castillos' mortgage loan. Letcher Decl. ¶¶ 14-31. The Castillos' counsel believed that understanding Nationstar's accounting errors and forcing it to correct them was critical, since Nationstar held the Castillos in "foreclosure status" during the litigation. *Id.* ¶ 27. Counsel's task was rendered more difficult by Nationstar's practice of "stripping payments" from the Castillos' account and reapplying them without notice or explanation. *Id.* ¶ 16. Nationstar also confused matters by stating amounts due and then changing those statements. *Id.* ¶¶ 18-25.

Defendants argue that the Court should disallow all the hours claimed for this task because "[n]o accounting experts were designated by either side in this case" and the parties' settlement agreement with Bank of America, which resulted in the loan modification, set out the required monthly payments. Defs.' Opposition at 13, ECF 127. Defendants' arguments are without merit. This lawsuit was filed because the Castillos could not get Nationstar to correct its errors for 9 months. The lawsuit itself took more than a year and a half to resolve, and then only with the aid of an experienced magistrate judge.

The Court finds that 54.4 hours reasonably were incurred in trying to pin down Nationstar's accounting. The Court will award the Castillos attorneys' fees in the amount of $25,733.75 for this category.

### (5) Miscellaneous (104.9 Hours)

The Castillos request $48,812.50 for 104.9 hours incurred in performing miscellaneous tasks during litigation. Mr. Kennedy spent 57.1 hours on such tasks while Ms. Letcher spent 47.8

hours on them. Letcher Decl. ¶ 71, ECF 123. This category covers investigation and development of legal theories, preparing case management statements, client communication, consultation with experts, and preparing administrative motions to seal. *Id.* The claimed hours appear to be reasonable for the catchall tasks which arise in any litigation, and Defendants offer no basis for reducing them.

The Court finds that 104.9 hours reasonably were incurred in performing miscellaneous tasks, and it will award the Castillos attorneys' fees in the amount of $48,812.50 for this category.

### (6) Motion for Leave to Amend and Second Amended Complaint (52.6 Hours)

The Castillos request $26,660.00 for 52.6 hours spent on their motion for leave to amend their pleading and in preparing the SAC. Mr. Kennedy spent 17.8 hours, and Ms. Letcher spent 34.8 hours, on the motion for leave to amend, related administrative motion practice, and preparing the SAC. Letcher Decl. ¶ 63, ECF 123. The Castillos asked Defendants to stipulate to the filing of the SAC to add facts obtained through discovery, but Defendants refused, necessitating briefing on the motion as well as a hearing. *Id.*; *see also* Minute Entry, ECF 62. The Court granted the motion for leave to amend on August 11, 2016 and the SAC was filed the following day. *See* Minute Entry, ECF 62; SAC, ECF 61. The claimed hours appear to be reasonable and Defendants offer no basis for reducing them.

The Court finds that 52.6 hours reasonably were incurred in seeking to amend and preparing the SAC, and it will award the Castillos attorneys' fees in the amount of $26,660.00 for this category.

### (7) Motion for Partial Summary Judgment and Hardship Defense (219.6 Hours)

The Castillos request $114,777.50 for 219.6 hours spent on their motion for partial summary judgment and research on Nationstar's "hardship defense," which was addressed in that motion. Ms. Letcher spent 145 hours, and Mr. Kennedy spent 75.6 hours, on these tasks. Letcher Decl. ¶ 69, ECF 123.

Defendants ask the Court to cut all hours related to the "hardship defense," asserting that Defendants never raised that defense. In their motion for partial summary judgment, the Castillos argued that the Court should reject Defendants' theory that the loan modification was

unenforceable because the Castillos had no financial hardship in 2013. Pls.' Motion at 8, ECF 76. In opposition to the motion for partial summary judgment, Defendants argued that the hardship defense was a "strawman argument" which Defendants had not raised in their answer. Defs.' Opposition at 7-8, ECF 82.

While Defendants never formally raised a "hardship defense" in their answer, Defendants sought discovery of the Castillos' financial records in September 2016 based on Defendants' contention that lack of financial hardship in 2013 "would lead to a complete defense of this action." *See* Joint Discovery Letter at 1, ECF 70. Having taken that position on September 21, 2016, it is somewhat disingenuous of Defendants to assert that the Castillos had no basis at all for addressing the potential defense when they filed their motion for partial summary judgment less than a month later on October 11, 2016. The Court does agree, however, that a defense which was not formally raised by Defendants did not warrant a substantial amount of research or argument. Moreover, the time spent on the motion for partial summary judgment appears to be excessive given counsel's experience.

For these reasons, the Court will reduce Ms. Letcher's time by 35 hours and Mr. Kennedy's time by 25 hours. Applying counsel's billing rates, those reductions in hours translate to reductions in fees in the amounts of $18,375 and $13,750, respectively. The Court therefore finds that the Castillos reasonably incurred attorneys' fees in the amount of $82,652.50 for this category and it will award the Castillos fees in that amount.

**(8)  Trial Preparation (189.8 Hours)**

The Castillos request $98,260.00 for 189.8 hours spent on trial preparation. Ms. Letcher spent 84.3 hours, and Mr. Kennedy spent 53.1 hours, on this task. Mr. Humphreys and Mr. Wallace, the attorneys from Oklahoma, spent 52.4 hours on this task. The Court finds that it was unnecessary to have four attorneys billing for trial preparation, particularly when settlement discussions were underway. While the Castillos of course could not assume that the case would settle, the amount of hours billed by Ms. Letcher and Mr. Kennedy were excessive given that Mr. Humphreys and Mr. Wallace were brought in as trial specialists.

The Court therefore reduces Ms. Letcher's time by 35 hours and Mr. Kennedy's time by 25

hours. Applying counsel's billing rates, those reductions in hours translate to reductions in fees in the amounts of $18,375 and $13,750, respectively. The Court therefore finds that the Castillos reasonably incurred attorneys' fees in the amount of $66,135.00 for this category and it will award the Castillos fess in that amount.

### (9) Mediation and Settlement (103.4 Hours)

The Castillos request $53,822.50 for 103.4 hours spent on mediation and settlement. Ms. Letcher spent 35.3 hours on this category, Mr. Kennedy spent 40.6 hours, and Mr. Humphreys and Mr. Wallace spent 27.5 hours. It is entirely unclear why the trial specialists, Mr. Humphreys and Mr. Wallace, were needed for mediation or settlement discussions. The Court disallows their hours for those tasks entirely.

The Court finds that the 75.9 hours spent on this category by Ms. Letcher and Mr. Kennedy were reasonable. The Court therefore will award the Castillos the attorneys' fees claimed for those hours, totaling $38,012.50.

### (10) Post-Settlement Disputes (42.7 Hours)

The Castillos request $22,707.50 for 42.7 hours spent resolving post-settlement disputes. Those disputes centered on the drafting of a long-form settlement agreement and negotiating the timing of Defendants' payment of the $250,000 settlement amount. Letcher Decl. ¶¶ 78-79. Mr. Kennedy spent 38.3 hours on this category, and Mr. Humphreys and Mr. Wallace spent 4.4 hours. In is unclear why the trial specialists, Mr. Humphreys and Mr. Wallace, were needed to resolve the post-settlement disputes. The Court disallows their hours for this category.

The Court finds that the 38.3 hours spent on this category by Mr. Kennedy were reasonable. The Court therefore will award the Castillos the attorneys' fees claimed for those hours, totaling $20,817.50.

### (11) Mediation Re Fees and Filing Fee Motion (69.9 Hours)

The Castillos request $36,803.75 for 69.9 hours spent working with Magistrate Judge Cousins to resolve their claim for attorneys' fees and filing the present motion. Ms. Letcher spent 30.4 hours on those tasks, Mr. Kennedy spent 34.2 hours, and Mr. Humphreys and Mr. Wallace spent 5.3 hours. The Court finds these hours to be reasonable and will award the Castillos

15

attorneys' fees in the amount of $36,803.75 for this category.

**(12) Reply re Fee Motion (29.6 Hours)**

The Castillos request $15,827.50 for 29.6 hours spent on the reply regarding the present motion. *See* Reply at 5 n.6, ECF 128. Mr. Kennedy spent 22.5 hours on this task, and Ms. Letcher spent 7.1 hours on this task. Kennedy Reply Decl. ¶¶ 33-34, ECF 129. The Court finds these hours to be reasonable and will award the Castillos $15,827.50 for this category.[3]

**D. Attorneys' Fees Award**

In light of the above discussion, the Court finds that the Castillos are entitled to an attorneys' fee award in the amount of $644,313.75, calculated as follows:

| Category of Task | Reasonable Attorneys' Fees Awarded |
|---|---|
| (1) Dispute/Complaint | $27,777.50 |
| (2) Motion to Dismiss and First Am. Complaint | $12,208.75 |
| (3) Discovery | $242,872.50 |
| (4) Accounting | $25,733.75 |
| (5) Miscellaneous | $48,812.50 |
| (6) Second Amended Complaint and Motion | $26,660.00 |
| (7) Summary Adjudication Motion/ Hardship Defense | $82,652.50 |
| (8) Trial Preparation | $66,135.00 |
| (9) Settlement/Mediation | $38,012.50 |
| (10) Post-Settlement Disputes | $20,817.50 |
| (11) Fee Mediation/Fee Motion | $36,803.75 |
| (12) Reply | $15,827.50 |
| Total | $644,313.75 |

---

[3] The Court notes that Mr. Kennedy appears to have erred in calculating the additional fees for his contribution to the reply brief. He requests $12,100 for 22.5 hours of work, which at his hourly rate of $550 would result in fees of $12,375. The Court awards the $12,100 which is requested.

Defendants argue that the Court should not award attorneys' fees which are disproportionate to the Castillos' recovery of $250,000. The Supreme Court has held that at least with respect to civil rights litigation, attorneys' fees may not be reduced solely on the basis that they are disproportionate to the plaintiff's recovery. *See City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). Courts in this district have been reluctant to reduce fee awards in consumer cases simply because the fee award is larger than the damages recovery. *See, e.g., Garcia v. Resurgent Capital Servs., L.P.*, No. C-11-1253 EMC, 2012 WL 3778852, at *10 (N.D. Cal. Aug. 30, 2012) (describing the plaintiff's $50,000 recovery in a Fair Debt Practices Collection Act dispute as an "excellent result," and rejecting the defendants' request to reduce the $213,606.65 fee award based on "proportionality"). Defendants have not cited any authority for the proposition that the Court should decrease the Castillos' fee award solely because the fees incurred exceed the recovery they obtained through the settlement of the action.

The Court notes that Defendants' comparison of the hours billed by the Castillos' counsel with the hours billed by defense counsel is not particularly helpful. "[O]pposing parties do not always have the same responsibilities under the applicable rules, nor are they necessarily similarly situated with respect to their access to necessary facts, the need to do original legal research to make out their case, and so on." *Ferland*, 244 F.3d at 1151. "Comparison of the hours spent in particular tasks by the attorney for the party seeking fees and by the attorney for the opposing party, therefore, does not necessarily indicate whether the hours expended by the party seeking fees were excessive." *Id.* It may be "that the prevailing party's attorney – who, after all, did prevail – spent more time because she did better work." *Id.*

Having reviewed the record as a whole, considered the work done by each attorney on each category of task, and reduced the requested fees as appropriate, the Court is satisfied that the attorneys' fees awarded herein are reasonable.

**E.     Costs**

Defendants have not disputed the Castillos' claimed costs. The Court therefore will award costs in the amount of $30,978.24.

### III. ORDER

Accordingly, the Castillos' motion for attorneys' fees and costs is GRANTED IN PART AND DENIED IN PART.

The Castillos are HEREBY AWARDED:

    (1)    $644,313.75 in reasonable attorneys' fees; and

    (2)    $30,978.24 in costs.

Dated: December 20, 2017

BETH LABSON FREEMAN
United States District Judge